Pamela Elaine **JEFFERS**, Appellant,

v.

Leslie Sanford **WALLACE**, Appellee.

No. 20479.

Court of Civil Appeals of Texas, Dallas.

March 6, 1981.

James F. Newth, Dallas, for appellant.

Mary D. McKnight, McKnight & Hundley, Dallas, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

CARVER, Justice.

Pamela Elaine Jeffers appeals from an order of the trial court transferring the managing conservatorship of her youngest son from herself to the child's father, Leslie Sanford Wallace. Mrs. Jeffers claims that there was insufficient evidence of materially changed circumstances since the entry of the prior order such that (1) her retention of custody would be injurious, and (2) the appointment of the father as managing conservator would be a positive improvement as required by section 14.08(c)(1) of the Texas Family Code. Appellant also argues that the court abused its discretion in deciding to divide the custody of her two children between her and her former husband, since there was insufficient evidence of a clear and compelling reason to do so. We find that there is sufficient evidence to sustain the trial court's decision that a change of custody was warranted, and therefore affirm.

The parties were married on September 12, 1966, and two children were born during the marriage: Daniel Thomas Wallace and Clinton Leslie Wallace. The parties were divorced on August 29, 1974. At the time of the divorce, the mother was appointed managing conservator of both children and the father was appointed possessory conservator. Shortly after the divorce, the children's mother married Michael Jeffers, and they later had a daughter. Subsequently, the father of the child now in question married Mary E. Bullard, who had two teenage sons by a prior marriage. On October 3, 1978, the father filed a motion to modify, asking that he be appointed managing conservator of his younger son Clinton. At the conclusion of the trial, the court ordered that the father be made Clinton's managing conservator. In its order the trial court specifically found that:

The Court further finds that there has been a substantial and material change of circumstances as to the minor child LESLIE CLINTON WALLACE since the entry of the previous orders of the Court, and that there exists a compelling reason to separate the children who are the subject of this suit. The Court finds that the retention of the present managing conservator would be injurious to the welfare of the child, and that the appointment of Petitioner, LESLIE SANFORD WALLACE would be a positive improvement for the child.

We find that the record supports the order of the trial court. The question of custody of a child is addressed to the sound discretion of the trial court when it sits as a trier of fact. *Thompson v. Haney*, 191 S.W.2d 491 (Tex.Civ.App.—Amarillo 1945, no writ). This rule is based on the fact that the trial court is in the best position to observe the demeanor and personalities of the witnesses and can "feel the forces, powers, and influences that cannot be discerned by merely reading the record." *Id.* at 493. The mother's primary complaint is that the evidence does not demonstrate the type of changed circumstances which would justify a change in custody. We recognize that not every change in conditions justifies a change of custody, but only those changes which reasonably could be said to injuriously affect the child's best interests. *Brown v. Brown*, 500 S.W.2d 210,

216 (Tex.Civ.App.—Texarkana 1973, no writ); *Neal v. Medcalf*, 244 S.W.2d 666 (Tex.Civ.App.—El Paso 1951, no writ); *Wilkinson v. Evans*, 515 S.W.2d 734 (Tex.Civ. App.—Dallas 1974, writ ref'd n. r. e.). Changes which have been held to be material in this regard are: (1) marriage of one of the parties; (2) poisoning of the minds of the children by one of the parents; (3) changes in the home surroundings; and (4) one of the parties becoming mean to the child, or other similar material change of conditions. *Leonard v. Leonard*, 218 S.W.2d 296 (Tex.Civ.App.—San Antonio 1949, no writ) and cases cited therein; *Brown v. Brown, supra.* We find in the record evidence of precisely such changes. For example, the evidence shows (1) that Clinton's mother had remarried and her husband had evidenced no desire to be the child's father, or associate with the child; (2) that any remaining relationship between the older boy, Danny, and his father had been substantially destroyed by the mother since the divorce; (3) that, while at the time of the divorce Clinton's relationship with his father was good, in the next few months it had deteriorated substantially as a result of the mother's attempt to alienate Clinton from the father; (4) that the mother had made disparaging remarks about his father to Clinton; (5) that if Clinton remained under the influence of his mother and brother Danny, Clinton would be totally alienated from his father; and (6) that, since the divorce, Clinton was showing ever increasing signs of emotional disturbance. A psychologist who examined Clinton and his older brother Danny concluded that the brothers had a turbulent and violent relationship; that such violence was not such as would be normal within a family relationship; and that, in at least one instance, Danny's violence had put Clinton in a "life jeopardizing" situation. Additionally, the record shows that the father's second marriage was stable, and that his present wife and her children behaved "with affection and responsibility" toward Clinton. We find that these facts constitute substantial evidence supporting the trial court's finding that the environment in which Clinton was living had so changed since the divorce that the retention of custody by the mother would be injurious to Clinton, and that a change in managing conservator would be a positive improvement for Clinton.

The mother also argues that there was insufficient evidence to support the trial court's finding that there was a clear and convincing reason for dividing the custody of Clinton and Danny. We find that the evidence summarized above, particularly the evidence concerning the relationship between the two boys, is sufficient to provide a clear and convincing reason for the trial court's decision.

Affirmed.