**R.M. "Ric" WARCHOL, Appellant,**

v.

**Leslie Doreen WARCHOL, Appellee.**

No. 09–92–143 CV.

Court of Appeals of Texas,
Beaumont.

April 15, 1993.

Bruce Neill Smith, Beaumont, for appellant.

Tom Mulvaney, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

PER CURIAM.

This appeal comes to us from the 317th District Court of Jefferson County, Texas, Honorable James M. Farris, Judge presiding. Appellant, R.M. "Ric" Warchol contends that the trial court abused its discretion in denying appellant's Motion to Modify; in granting appellee's Motion to Modify the terms and conditions for the possession and access to the child; and in assessing attorney's fees against appellant in the sum of $5,000. We overrule appellant's three points of error and affirm the judgment of the trial court.

Factually, appellant R.M. "Ric" Warchol and appellee Leslie Doreen Warchol were divorced on September 25, 1990 by order of the 317th Judicial District Court of Jefferson County, Texas. One child was born to the marriage between appellant and appellee. This female child was born February 14, 1982. In the original Decree of Divorce, appellee was appointed the primary joint managing conservator with the right to designate the residence and domicile of the child.

In January 1991, appellee informed appellant that she and the child would be moving to Chicago, Illinois during the summer of 1991. According to the Decree of Divorce, appellee was required to give notice to the clerk of the court of any change of address within ten days after the date of change of address. On or about the 21st day of February 1991, appellee notified appellant, in writing, that in March, after the selling of the home at 8890 Gerald Drive in Beaumont, Texas to appellant, she would be moving to an address in Port Neches, Texas to allow the child to complete the spring semester of school. Appellee further informed appellant that during the summer of 1991 she and the child would move temporarily to appellee's brother's residence in Wheeling, Illinois, until such time that appellee could obtain an apartment for her and the child.

When appellee failed to give appellant the exact date of the intended relocation to Wheeling, appellant filed his Motion for Contempt against appellee seeking a fine and imprisonment for failure to properly notify the clerk's office. The record reveals that the Child Support Office of Jefferson County, Texas, received notification of the move from appellee on July 11, 1991. The actual move occurred on July 12, 1991. For obvious reasons, the trial court failed to make a finding that appellee was in contempt of court.

In response to appellant's Motion for Contempt, appellee filed a counter motion seeking to increase child support and a modification of the terms of the original Divorce Decree regarding visitation. Appellee, also filed a counter motion for contempt for reason that appellant failed to timely pay child support payments seeking a fine, jail time, and attorney's fees. In response to appellee's counter motions, appellant sought modification of the original Divorce Decree, asking the Court to reduce child support from $300 per month to a lesser sum. Appellant then amended this Motion to Modify by seeking a change of primary custody.

The trial court determined that the grounds for modification had been met by appellee in connection with her request that the terms and conditions for visitation with the child be modified. The evidence showed that the child was traveling from Illinois to Texas and back to Illinois at least two times per month on a regular basis. The parties were unable to agree on the

cost of the extensive air travel and various problems developed between them. The court did not deem it to the child's best interest for the child to continue to travel twice per month between Chicago and Beaumont to visit her father. The court changed the terms and conditions whereby the child would fly to Texas once a month at the expense of the father and appellant could travel to Illinois once a month to visit the child. The mother, appellee, was required to pay for round-trip visits between the child and the appellant on two occasions per year. The trial court gave details as to why the change was in the best interest of the child under the facts and circumstances and granted a modification in this regard. Appellant now takes issue with the trial court's determination.

Evidence showed that appellant was consistently late in paying his court ordered child support, however the trial court determined not to hold appellant in contempt. Appellee's request for a modification of the original Divorce Decree by increasing appellant's obligation to pay child support was also denied by the trial court.

The trial court awarded attorney's fees to appellee's attorney in the amount of $5,000 from which award appellant also makes his appeal. Appellee has brought no counter points of error regarding the trial court's refusal to increase child support payments nor for its failure to find appellant in contempt for late payment of child support.

On March 13, 1992 the trial court entered its findings of fact and conclusions of law. The trial court determined that the original designation of primary joint managing conservatorship should not be changed, but that a modification of the existing Decree of Divorce was warranted due to the change in circumstances involved.

■ Appellant's point of error one contends that the trial court abused its discretion in denying appellant's Motion to Modify the terms and conditions of the existing joint managing conservatorship decree by appointing appellant as the primary managing conservator. Appellant correctly states that the child's best interest is always the court's primary consideration in determining questions of managing conservatorship. TEX.FAM.CODE ANN. § 14.07(a) (Vernon Supp.1993). Any right of the parent must yield to that primary consideration. *Holitzke v. Holitzke*, 476 S.W.2d 360, 362 (Tex. Civ.App.—Tyler 1972, writ dism'd); *Huffman v. Huffman*, 408 S.W.2d 248 (Tex.Civ. App.—Amarillo 1966, no writ).

It is appellant's position that the child's best interest cannot be served where one of the joint managing conservators consistently fails to cooperate with the other party in matters of the child's welfare. Appellant contends that appellee had a history of repeated violations of the provisions of the Divorce Decree showing a failure to cooperate in decisions regarding the child's welfare. Appellant contends that on numerous occasions appellee made derogatory remarks about appellant in the child's presence. Appellee admits that on one occasion appellee did talk to appellant's mother about appellant's propensity to lie, however, the record is void of any pattern of negative and derogatory comments supportive of appellant's position.

■ In a Motion to Modify where conservatorship has been previously established, the burden of proof is upon the Movant to come forth with evidence sufficient to convince the trier of fact that a modification would be justified. *See Jones v. Cable*, 626 S.W.2d 734 (Tex.1981); *Ogrydziak v. Ogrydziak*, 614 S.W.2d 474, 477 (Tex.Civ. App.—El Paso 1981, no writ); *Kelly v. Novak*, 606 S.W.2d 25, 30 (Tex.Civ.App.— Houston [1st Dist.] 1980, no writ). It has previously been stated that a trial court has broad discretion in deciding the issue of modification and its judgment will not be reversed except on a clear showing of an abuse of discretion. *Doyen v. Doyen*, 713 S.W.2d 370 (Tex.App.—Beaumont 1986, no writ). In *Jeffers v. Wallace*, 615 S.W.2d 252, 253 (Tex.Civ.App.—Dallas 1981, no writ), the court observed:

> The question of custody of a child is addressed to the sound discretion of the trial court when it sits as a trier of fact. [citation omitted] This rule is based on the fact that the trial court is in the best

position to observe the demeanor and personalities of the witnesses and can "feel" the forces, powers and influences that cannot be discerned by merely reading the record.

Our trial court found as a fact that the welfare of the child was the subject of the suit; that the appointment of R.M. "Ric" Warchol, appellant, as primary joint managing conservator would not be to the best interest of the child; that the evidence submitted by appellant was wholly insufficient to substantiate his claim that he should be appointed as primary joint managing conservator; that appellant presented no corroborative witnesses; and that all credible evidence supported the contention that it was in the child's best interest to have Leslie Doreen Warchol remain as the child's primary joint managing conservator. The trial court further found that to remove appellee as primary joint managing conservator would not be in the best interest of the child. The trial court correctly concluded as a matter of law that the burden of proof in matters before the court is by a preponderance of the evidence. *See* TEX.FAM.CODE ANN. § 11.15(a) (Vernon 1986). The trial court then concluded that appellant failed to meet his burden in this regard. This Court after a complete review of the evidentiary record before us, concludes that the trial court was indeed correct in determining that appellant had failed to meet his burden of proof requirement at the trial court level. Neither the record nor appellant's brief presents any evidence or legitimate argument that the trial court abused its discretion in refusing to grant appellant's application for modification of the original Divorce Decree. Appellant's point of error one is overruled.

In point of error two, appellant contends that the trial court abused its discretion in modifying the terms and conditions for the possession of and access to the child with respect to allocation of increased travel expenses under the facts and circumstances presented in the trial of the case.

Regarding appellee's Motion to Modify the original Divorce Decree, the trial court determined that it would be a positive improvement for and in the best interest of the child to do so. The trial court found that the best interest of the child would be served by minimizing the amount of time that the child would spend on an airplane each month. The court determined that the facts did not support frequent trips by the child from the State of Illinois, to the State of Texas, then returning to the State of Illinois. It is obvious from the record that the trial court's primary concern was directed to the young child having to fly long distances on a too frequent basis. We believe that our trial court gave deliberate and reasoned attention to matters relating to the child's best interests. When faced with such conflicting requests as those before the trial court, a trial judge must look through and beyond those heartfelt cares and concerns of parents when those parents cannot amicably arrive at a best interest conclusion of their differences keeping foremost in mind the welfare of the child or children. We conclude that our trial court wisely determined that a continuation of bi-monthly airplane trips from Chicago to Houston, Texas, then by car from Houston to Beaumont, was not conducive to a more stable and continuing routine for this child. It is within the trial court's sound discretion to draw conclusions and fashion appropriate orders as dictated by the facts of the case. *White v. Adcock*, 666 S.W.2d 222 (Tex.App.—Houston [14th Dist.] 1984, no writ). When the trial court, upon hearing all of the evidence, makes its determination as to how the child's best interests may be served, such determination should not be disturbed by appellate courts unless there is a clear abuse of such discretion. *Fair v. Davis*, 787 S.W.2d 422, 431 (Tex.App.—Dallas 1990, no writ). Since appellant has shown no clear abuse of the trial court's discretion, point of error two is overruled.

Point of error three also complains of abuse of discretion by the trial court in assessing attorney's fees of $5,000 against appellant.

We bear in mind that the proceeding before the trial court was a full-blown effort on the part of appellant to make a de

jure change of custody. We recognize that the proceeding before the trial court became a full-blown custody trial instigated through appellant's pleadings. We do not think it an overstatement that frequently divorced parents engage in legal chess, whereby the child or children become the pawns. Occasionally, and unfortunately, it becomes a contest of "one-upsmanship." Many times the best interest of the child or children is put on hold while parents engage one another on the legal battlefield. This is a delicate issue, for a parent's love and concern for his/her child can become the most volatile of human emotions. Especially so where the parent having primary custodial conservatorship relocates the child hundreds of miles away.

It may appear that law has a cold address to this emotionally traumatic situation in that TEX.FAM.CODE ANN. § 14.082 (Vernon Supp.1993) declares that, "[i]f the court finds that a motion to modify under Section 14.081 of this code is filed frivolously or is designed to harass a party, the court *shall* tax attorney's fees as cost against the offending party as provided by Section 11.18 of this code." (emphasis added)

TEX.FAM.CODE ANN. § 11.18 (Vernon 1986) provides that in a suit affecting the parent-child relationship "[r]easonable attorney's fees may be taxed as cost, and may be ordered paid directly to the attorney, who may enforce the order for fees in his own name."

■ When a trial court awards attorney's fees under § 11.18, the standard of review on appeal is an abuse of discretion standard. *Tropoli v. Markantonis*, 740 S.W.2d 563 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Wolters v. White*, 659 S.W.2d 885 (Tex.App.—San Antonio 1983, writ dism'd); *Havis v. Havis*, 657 S.W.2d 921 (Tex.App.—Corpus Christi 1983, writ dism'd). We hold that the same standard of review applies to the awarding of attorney's fees under § 14.082.

■ When appellant sought to obtain a change of custody, appellant was required to prove (1) that there was a change in circumstances since the decree, (2) that the

decree had become unworkable or inappropriate, and (3) that the modification he sought would be a positive improvement for and in the best interest for the child.

We think our previous citing of *Jeffers v. Wallace, supra,* is also important in addressing appellant's point of error three. We again quote a brief portion of *Jeffers,* "... the trial court is in the best position to observe the demeanor and personalities of the witnesses and can 'feel' the forces, powers and influences that cannot be discerned by merely reading the record."

A trial judge is much like a conductor of an orchestra in that he or she, during trial, is best able to read from the score, hear the sounds and determine individual performances. When these matters then come before an appellate court, the ability to personally observe is lost and we are left with only the written notes.

At the conclusion of the evidentiary portion of the trial below, the trial court made the following written finding of fact:

The appointment of R.M. "Ric" Warchol as a primary joint managing conservator is not in the best interest of the child. The evidence submitted by Movant R.M. "Ric" Warchol was wholly insufficient to substantiate his claim that he should be appointed primary joint managing conservator. He presented no corroborative witnesses. All credible evidence supported the contention that it was in the child's best interest to have Leslie Doreen Warchol remain as her primary joint managing conservator. To remove Leslie Doreen Warchol as primary joint managing conservator would not be in the best interest of the child.

The trial court further found that:

The Motion to Modify filed by Movant R.M. "Ric" Warchol under § 14.081 of the Texas Family Code was frivolously filed and was designed to harass Respondent Leslie Doreen Warchol. The Court, therefore, finds that attorney fees payable to Respondent Leslie Doreen Warchol's attorney in the amount of Five Thousand Dollars ($5,000.00) are reasonable attorney fees and, as such, should be awarded to Respondent's attorney.

If there be evidence in the record before us whereby appellant has shown that a de facto change of custody would be a positive improvement for and in the best interest of the child, we have failed to locate same.

■ The trial court was in the better position to determine whether appellant's initial action to have appellee held in contempt for failure to notify the clerk of court, or himself, of her move to Illinois was legitimate, or whether same had overtones of harassment. The trial court also considered appellant's first Motion to Modify when appellant sought to decrease child support from $300 per month, despite enjoying a relatively affluent and flamboyant lifestyle. Finally, the trial court observed appellant's evidentiary failure regarding his change of custody claim.

■ In determining whether the trial court abused its discretion in awarding attorney's fees we must look to the evidence presented, as well as evidence not presented. We do find evidence in the record that the child did not want to leave her mother to live with the father. We find no corroborating evidence supporting the contention that the child should live with the father and be taken away from the mother. Also lacking is evidence of appellant's stable living conditions, that appellant could care for the child on a daily basis, that the appellant had plans or routines for the child, nor was there evidence of any support persons available to assist the father in the care of the child. Appellant did take the child to a local psychiatrist, Doctor Edward Gripon, but offered no testimony from Doctor Gripon.

Appellant has failed to show this Court any abuse of trial court discretion regarding the award of $5,000 attorney's fees. We overrule appellant's point of error three.

The judgment of the trial court is affirmed.

AFFIRMED.