# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-00-00129-CV

**Mary Anne Keely, Appellant**

**v.**

**Peter Steinhardt, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. 98-11827, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

Appellant Mary Anne Keely, *pro se*, appeals the district court's divorce decree terminating her marriage to Peter Steinhardt. By ten issues, Keely generally challenges the trial court's division of property and the appointment of Steinhardt as joint managing conservator of their two children. We will affirm the district court's decree.

### BACKGROUND

Appellee Peter Steinhardt initiated divorce proceedings against Mary Keely in October 1998. After a bench trial during which both parties were represented by counsel, the trial court signed the final decree of divorce, divided the marital property, and provided for the conservatorship of the parties' minor children, but ordered no child support. Steinhardt was awarded the personal property in his possession, one of the parties' automobiles, the parties' house, and the bulk of the parties' debt. Keely was awarded the personal property in her possession along with the other automobile. Steinhardt and Keely were appointed joint managing conservators of their two minor

children. Steinhardt was awarded the right to determine the primary residence of the younger child, while Keely was to determine the primary residence of the older child. Subsequently, Keely proceeded *pro se* and filed a combined motion for new trial and motion to modify and correct judgment. The motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). By ten issues, Keely appeals the divorce decree.

## DISCUSSION

We begin by noting that Keely has failed to adequately brief any of her issues on appeal. In her brief, Keely failed to cite any authority in support of her arguments. A point of error unsupported by citation to authority presents nothing for this Court to review. *Raitano v. Texas Dep't of Pub. Safety,* 860 S.W.2d 549, 554 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

Moreover, Keely failed to file a reporter's record with this Court,[1] and without the reporter's record, we do not know what, if any, evidence was presented to the trial court. Although the rules of appellate procedure allow us to consider those issues that do not require a review of the reporter's record, we need not consider those issues that depend on the existence of the reporter's record. Tex. R. App. P. 37.3(c); *see In re Spiegel,* 6 S.W.3d 643, 646 n.1 (Tex. App.—Amarillo 1999, no pet.). In the alternative, we may presume that the reporter's record supports the trial court's determinations. *See Spiegel*, 6 S.W.3d at 646.

---

[1] If properly requested, the court reporter is responsible for preparing, certifying, and timely filing the reporter's record. *See* Tex. R. App. P. 35.3(b). However, the record in this case does not reflect that Keely properly requested or made arrangements to pay for the record. Consequently, Keely has failed to provide this Court with a sufficient record by which to review her appeal. *See In re Spiegel,* 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.).

While this Court generally construes *pro se* briefs liberally, *pro se* litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *See Shull v. United Parcel Serv.,* 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied), *cert. denied,* 69 U.S.L.W. 3226 (U.S. Oct. 2, 2000) (No. 99-9531); *White v. Cole,* 880 S.W.2d 292, 294 (Tex. App.—Beaumont 1994, writ denied). Rules of procedure are readily accessible and are intended to help clarify issues, expedite resolutions, and ensure accurate decisions. *See* Tex. R. Civ. P. 1; *In re Caldwell,* 918 S.W.2d 9, 10 (Tex. App.—Amarillo 1995, no writ). If we were to employ a lower standard for *pro se* litigants, we would be providing them an unfair advantage over litigants represented by counsel. *See Shull,* 4 S.W.3d at 53. With these briefing deficiencies in mind, we will address Keely's issues to the extent possible.

In her first two issues, Keely complains that Steinhardt committed perjury, false testimony, fraud, and deceit during the bench trial. She also complains that Steinhardt's counsel induced the perjury. In a related issue, Keely argues that the court ignored evidence of inappropriate behavior between Steinhardt and one of the minor children.

The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego Co. v. Brannon*, 682 S.W.2d 677, 680 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). This is so because the trial court is in the best position to observe the demeanor and personalities of the witnesses and can feel the forces, powers, and influences that cannot be discerned by a review of the record. *Jeffers v. Wallace,* 615 S.W.2d 252, 253 (Tex. Civ. App.—Dallas 1981, no writ) (quoting *Thompson v. Haney,* 191 S.W.2d 491, 493 (Tex. Civ. App.—Amarillo 1945, no writ)). Moreover, without the benefit of a reporter's record or findings

of fact by the trial court,[2] we are obligated to imply all necessary findings to support the divorce decree. *Wade v. Commission for Lawyer Discipline,* 961 S.W.2d 366, 374 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Keely's first, second, and ninth issues are overruled.

By her third, fourth, and seventh issues, Keely challenges the trial court's division of property. By issues five and eight, Keely argues that the trial court should have reimbursed her for her fees and expenses and considered her pain and suffering in dividing the marital property. The division of marital property is an issue addressed to the sound discretion of the court when it sits as trier of fact. *Murff v. Murff,* 615 S.W.2d 696, 698-99 (Tex. 1981). The trial court's order will not be disturbed absent a showing that the trial court acted in an arbitrary and unreasonable manner or without any reference to guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). Absent a reporter's record, we presume the evidence supported the trial court's determination. Thus, Keely has failed to show the trial court abused its discretion, and her third, fourth, fifth, seventh, and eighth issues are overruled.

By her sixth issue, Keely complains of the trial court's determination regarding conservatorship of one of the minor children. A trial court's decision regarding the conservatorship of a child will not be disturbed absent a clear abuse of discretion. *See Jenkins v. Jenkins,* 16 S.W.3d 473, 477 (Tex. App.—El Paso 2000, no pet.); *Jeffers,* 615 S.W.2d at 253. Again, without a

---

[2] Although the record reflects that Keely requested findings of fact and conclusions of law from the trial court, the record does not include any such findings of fact or conclusions of law. Moreover, the record does not reflect that Keely ever brought to the attention of the trial court its failure to file findings of fact and conclusions of law. *See* Tex. R. Civ. P. 297. Thus, we presume that the evidence presented to the trial court supports its judgment. *See Peterson Sales Co. v. Mica, Inc.,* 623 S.W.2d 679, 681 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ).

reporter's record, we find nothing and Keely points us to nothing to show that the trial court abused its discretion. Keely's sixth issue is overruled.

In her final issue on appeal, Keely complains that Steinhardt abused the discovery process. Specifically, Keely argues that Steinhardt failed to produce documents she requested. Keely's complaint is essentially a pretrial discovery dispute. *See Branham v. Texas Dep't of Pub. Safety,* 950 S.W.2d 717, 719-20 (Tex. App.—Fort Worth 1997, no writ). Again, Keely fails to point out where in the record she preserved this error for appeal. A party who fails to get a pretrial ruling on discovery disputes that exist before trial waives any claim for sanctions based on that conduct. *Remington Arms Co. v. Caldwell,* 850 S.W.2d 167, 170 (Tex. 1993). Therefore, Keely has presented nothing for this Court to review. Keely's final issue is overruled.

## CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the trial court's decree.

                                       _____

                                       J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed:   October 26, 2000

Do Not Publish