# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00130-CV

---

**Melody Fickle, Appellant**

**v.**

**Allen Lee Fickle, Appellee**

---

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-99-0296-F, HONORABLE CURT STEIB, JUDGE PRESIDING

---

Melody Fickle ("Melody") appeals the trial court's final decree of divorce awarding appellee, Allen Lee Fickle ("Allen"), the right to establish the primary residence of the couple's only child, Brianna Nicole Fickle ("Brianna"). Appellant contends that the trial court abused its discretion in awarding Allen the right to determine Brianna's primary residence. We will affirm the trial court's decree.

### BACKGROUND

Melody and Allen married on May 29, 1993. Soon after, Melody joined the United States Air Force and the couple moved to Goodfellow Air Force Base in San Angelo, Texas. On December 19, 1994, their daughter Brianna was born. Brianna was eventually diagnosed as a "special needs" child because of speech and emotional development problems. Melody became dissatisfied with her family's situation at Goodfellow and subsequently requested a tour of duty overseas with the hope of later obtaining a stateside assignment at a different location. Melody consequently

performed a tour of duty in Korea for one year—from March 1998 through March 1999. Before leaving for Korea, Melody was Brianna's primary caregiver but Allen shared the child-rearing responsibilities. After Melody left for her tour of duty, Allen assumed the role of exclusive caregiver for Brianna.

Melody returned to San Angelo in March 1999 and filed for divorce shortly thereafter. In May 1999, the trial court appointed Melody and Allen joint temporary managing conservators, whereby Brianna moved back and forth between them on a monthly basis. In August 1999, the parties waived a jury trial and the trial court heard evidence on the merits. In its final decree of divorce signed November 1, 1999, the court appointed Melody and Allen joint managing conservators of Brianna. As one of Allen's rights and duties, the trial court gave him the authority to establish Brianna's primary residence. Melody now appeals the trial court's decree, complaining only of this ruling.

## DISCUSSION

Melody does not contest the appointment of the parents as joint managing conservators. Thus, she acknowledges that either Allen or Melody must have the responsibility of establishing their daughter's primary residence and that the trial court could properly make this decision. She asserts, however, that the trial court abused its discretion by relying on impermissible factors in awarding Allen the right to establish Brianna's primary residence. In particular, Melody contends that the trial court violated the Fourteenth Amendment of the United States Constitution and section 153.003 of the Texas Family Code, which prohibits discrimination on the basis of sex or marital status in determining conservatorship of a child. *See* U.S. Const. amend. XIV; Tex. Fam.

2

Code Ann. § 153.002 (West 1996). Melody further contends that the trial court abused its discretion because the evidence presented showed that awarding custody to Allen "was clearly not in the best interests of Brianna Fickle."

Although Melody argues two separate points of error, both of Melody's arguments are subsumed by the allegation that the trial court abused its discretion when it awarded Allen the right to determine Brianna's primary residence. In a review applying an abuse of discretion standard, insufficiency of the evidence is not an independent ground of complaint; instead, the appellate court considers the sufficiency of the evidence supporting the ruling as one relevant factor in assessing whether the trial court abused its discretion. *In re Driver*, 895 S.W.2d 875, 877 (Tex. App.—Texarkana 1995, no writ); *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

The trial court is given wide latitude in determining the best interest of a minor child. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). The decision concerning conservatorship of a child is addressed to the sound discretion of the trial court when it sits as trier of fact. *Jeffers v. Wallace*, 615 S.W.2d 252, 253 (Tex. Civ. App.—Dallas 1981, no writ). The appellate court will not disturb the trial court's order concerning a joint managing conservatorship unless the trial court clearly abused its discretion. *Gillespie*, 644 S.W.2d at 451. We afford this deference to the trial court because it is in the best position to observe the demeanor and personalities of the witnesses, and can "feel the forces, powers, and influences that cannot be discerned by merely reading the record." *Id.* Thus, we will not hold that the court abused its discretion as long as the record contains some

evidence of a substantive and probative character to support the trial court's decision. *Valdez v. Valdez*, 930 S.W.2d 725, 731 (Tex. App.—Houston [1st Dist.] 1996, no writ).

Melody requested that the trial court make findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296. It did so. The trial court concluded that, "[b]ased on section 153.002 of the Family Code, the best interests of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." *See* Tex. Fam. Code Ann. § 153.002 (West 1996). The court found as a matter of fact, "The best interests of the child dictate that the parents be appointed joint managing conservators, but that the father should have the exclusive right to determine the primary residence of the child."

Melody presents no support for her bald assertion that the trial court violated section 153.003 of the Texas Family Code and the Fourteenth Amendment of the United States Constitution. She directs us to no proof in the record in support of these contentions. Furthermore, the record does not indicate that the trial court made its determination on any one factor, impermissible or otherwise. Both parties testified fully concerning the issue, along with other witnesses. The record contains evidence tending to support the trial court's decision that it was in Brianna's best interest for Allen to determine her primary residence. While Allen was not Brianna's primary caregiver before Melody left for Korea, he assumed that position after Melody left. Allen served as Brianna's sole caregiver from March 1998 through March 1999 and as her joint temporary managing conservator from May 1999 to November 1999. Allen testified that Brianna is his "number one priority" and that he believes he "can provide that stability that she needs and that continuity and discipline and structure." Melody's testimony conceded that Allen possesses adequate parenting skills and that

Melody would not have left for Korea had she not believed that Allen could handle the responsibility of caring for Brianna. Another witness testified that Brianna's behavior problems improved during the year Allen had primary responsibility for her.

Melody points to no evidence that the trial court considered impermissible factors in reaching its decision. Furthermore, the record contains evidence of a substantive and probative character tending to support the trial court's decision. *See Valdez*, 930 S.W.2d at 731. Therefore, we cannot say that the trial court abused its discretion in granting Allen the right to determine the primary residence of Brianna. Melody's points of error are accordingly overruled.

## CONCLUSION

Having overruled appellant's points of error, we affirm the trial court's decree awarding appellee the right to establish the child's primary residence.

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: November 30, 2000

Do Not Publish