# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00584-CV

**Billie Lee Martin, Appellant**

**v.**

**Lorraine Zieba, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. 98-13153, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Billie Lee Martin contends that the judgment of the district court should be reversed because the court abused its discretion in awarding attorney's fees and two awards of sanctions against him. Additionally, he contends that this appeal should be abated because the district court failed to file findings of fact and conclusions of law. We overrule appellant's four issues and affirm the judgment of the district court.

## BACKGROUND

Appellant and Lorraine Zieba filed for divorce in 1990, and both sought custody of their daughter. The property division was appealed,[1] remanded, retried, and followed by a suit to modify access and possession of their daughter.

---

[1] *See Zieba v. Martin*, 928 S.W.2d 782 (Tex. App.—Houston [14th Dist.] 1996, no writ).

The dispute leading to this appeal began when Zieba discovered her daughter's diary, which contained detailed descriptions of the daughter's misbehavior while visiting appellant and appellant's girlfriend. This discovery prompted Zieba to file a petition to modify the parent-child relationship, including a request for a temporary restraining order and temporary orders. Appellant filed a countersuit also seeking to modify the parent-child relationship.

Among other things, the district court entered judgment awarding attorney's fees and confirmed two sanctions orders by associate judges. The awards included $35,000 in attorney's fees for Zieba's suit affecting the parent-child relationship; $15,000 in sanctions because appellant frivolously filed a pleading requesting custody of the child; and $2,500 in sanctions for appellant's attempt to schedule a discovery hearing on a date for which a continuance had already been granted.[2]

Appellant argues that the judgment of the district court should be reversed because the court abused its discretion in awarding attorney's fees and sanctions. Further, appellant contends that this appeal should be abated because the district court erred by failing to file findings of fact and conclusions of law.

---

[2] The family code authorizes trial courts to refer certain family-law matters to associate judges. *See generally* Tex. Fam. Code Ann. §§ 201.001-.018 (West 2002 & Supp. 2004). Here, the two sanctions orders grew out of two separate hearings before different associate judges. Appellant appealed both sanctions awards, which were reduced and confirmed by the district court conducting a de novo review. *See Attorney Gen. v. Orr*, 989 S.W.2d 464, 467 (Tex. App.—Austin 1999, no pet.) (appeal from associate judge's ruling requires de novo hearing by district court, which is new and independent action with all attributes of original civil action). In this case, an associate judge awarded $32,500 in sanctions for the frivolous pleadings, which was reduced to $15,000 by the district court after reviewing the award de novo. Another associate judge awarded $5,000 in sanctions for the discovery harassment; likewise, this award was reduced to $2,500.

**DISCUSSION**

**Attorney's Fees and Sanctions**

Appellant challenges the district court's awards of attorney's fees and sanctions against him, arguing that the court abused its discretion by granting the three awards. We will examine each award in turn.

*(1) Award of $35,000 for the suit affecting the parent-child relationship*

The district court awarded attorney's fees under section 106.002(a) of the family code, which allows the trial court to render judgment for reasonable attorney's fees and expenses in a suit affecting the parent-child relationship. Tex. Fam. Code Ann. § 106.002 (West Supp. 2004). The award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion. *Id.*; *see Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996) (holding award of attorney's fees discretionary in suit affecting parent-child relationship). Under an abuse-of-discretion standard, legal and factual insufficiency are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no writ).[3]

Under the abuse-of-discretion standard, we must determine "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was

---

[3] Appellant also challenges the awards for legal and factual sufficiency, which we will consider as factors relevant to whether the district court abused its discretion. When reviewing a no-evidence challenge, we consider all the evidence in the light most favorable to the judgment, making every reasonable inference in its favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998). When reviewing a factual-sufficiency challenge, we consider all the evidence and uphold the judgment unless we find that (1) the evidence is too weak to support the finding or (2) the finding is so against the overwhelming weight of the evidence as to be manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Sunbeam Envtl. Servs. v. Texas Workers' Comp. Ins. Facility*, 71 S.W.3d 846, 849-50 (Tex. App.—Austin 2002, no pet.).

arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). That a trial court may decide a matter within its discretionary authority differently than we would under similar circumstances does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). Furthermore, an abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.).

Once we determine that the abuse-of-discretion standard applies, we engage in a two-pronged inquiry: (1) whether the trial court had sufficient information on which to exercise its discretion; and (2) whether the trial court erred in its application of discretion. *Id.* at 477-78. We approach the first question under traditional sufficiency review and then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.*; *Lindsey v. Lindsey*, 965 S.W.2d 589, 592 (Tex. App.—El Paso 1998, no pet.).

Here, Zieba provided ample evidence for the district court to evaluate the appropriate amount of attorney's fees. She provided expert testimony by her attorney that $95,000 was "reasonable and necessary under the circumstances." *See Woollett v. Matyastik*, 23 S.W.3d 48, 52-53 (Tex. App.—Austin 2000, pet. denied) (expert testimony is required to support award of attorney's fees). Zieba's attorney testified as to his experience and expertise and compared his hourly rate with similarly situated, board-certified family-law attorneys in the area. Furthermore, Zieba's attorney introduced into evidence billing records and testified about the hours and rates for each of three attorneys and two paralegals involved in the case. *See Central Tex. Micrographics v.*

4

*Leal*, 908 S.W.2d 292, 299 (Tex. App.—San Antonio 1995, no writ) (evidence supporting award of attorney's fees should include hourly rate and hours expended). This testimony was uncontroverted. The district court considered all the evidence and awarded $35,000 as attorney's fees for Zieba's pursuit of the entire case. The district court had sufficient evidence in the form of uncontroverted expert testimony, and we cannot say that this award was so arbitrary or unreasonable as to require reversal. We overrule appellant's first issue.

### *(2) Award of $15,000 for filing frivolous pleadings*

The district court imposed $15,000 in sanctions against appellant for filing frivolous pleadings.[4] *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West 2002). When a trial court imposes sanctions for violations of section 10.001 of the civil practice and remedies code, we review its decision for abuse of discretion. *Sterling v. Alexander*, 99 S.W.3d 793, 797 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Section 10.001 provides that the signing of a pleading or motion certifies that the pleading or motion is not being presented for an improper purpose; that each contention is warranted by existing law; that each contention has evidentiary support; and that each denial is warranted on the evidence or is reasonably based on a lack of information or belief. Tex. Civ. Prac. & Rem. Code Ann. § 10.001. Section 10.002 provides that sanctions may be awarded to a party for attorney's fees and expenses incurred in presenting or opposing a motion under section 10.001. *Id.* § 10.002 (West 2002).[5]

---

[4] The associate judge awarded $32,500 in sanctions, which the district court reduced to $15,000 when it reviewed the award de novo.

[5] The district court determined that the award of $15,000 in sanctions was appropriate for the "reasonable, necessary and customary attorney's fees" necessary to defend against the frivolous pleading and to file a motion for sanctions. A trial court is allowed to award "reasonable expenses and attorney's fees" as sanctions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.002(c) (West 2002).

After Zieba filed a motion to modify the parent-child relationship, but before appellant knew about the diary, appellant repeatedly tried to obtain an order for the judge to confer with the child. Appellant argues that Zieba opposed such an interview, presumably because the smoking-gun diary might be revealed prematurely—that is, before Zieba could spring it on appellant at trial. Appellant describes his next step—filing a motion to modify the parent-child relationship to give appellant joint custody of his daughter—as an attempt to secure a guardian ad litem and a judicial interview with his daughter, not a serious custody pleading.[6]

Pleadings are not to be used as an improper means to an end. Though appellant alleged early on that this suit was not about custody, he waited over two months to withdraw his pleadings. Zieba was therefore entitled to take at face value the pleadings and defend against an adverse change in custody. We note also that appellant had other means for securing a guardian ad litem and a judicial interview with his daughter; he did not need to file a custody pleading to do so.[7]

The district court had before it appellant's own admissions that he had filed a custody suit for purposes other than pursuing a change in custody and thus did not err in imposing sanctions against him for misusing pleadings. We conclude that the award of $15,000 in sanctions for defending against frivolous pleadings is not so arbitrary or unreasonable as to constitute an abuse of discretion. We overrule appellant's second issue.

---

[6] Appellant's counsel testified that "on a telephone conference we explained to the Judge at that time that we were not after custody; we were only using [the conservatorship pleadings] as a tool to get a court appointed ad litem, which was a mandatory move and was successful." But appellant failed to file a Rule 11 agreement indicating that he was not seeking custody and failed to amend his pleadings to delete the custody allegations.

[7] Appellant's counsel testified that he had not filed a motion to ask the court to exercise its discretion in interviewing the child or a request that the court appoint a guardian ad litem.

6

*(3) Award of $2,500 as sanctions for discovery harassment*

Appellant also appeals the $2,500 in sanctions he received for his repeated attempts to schedule hearings on a day that appellant knew Zieba's lead counsel would be out of town.[8] The district court found that appellant's motions were designed to harass Zieba and that they violated section 10.001 of the civil practice and remedies code. We also review this award for an abuse of discretion. *Sterling*, 99 S.W.3d at 797.

Appellant served notice of his de novo appeal regarding the frivolous-pleading sanctions award and set the hearing for April 17, 2002. Because Zieba's attorney had to attend an out-of-town mediation, her attorney filed for, and was granted, a continuance.

Now fully aware that April 17 would not work for Zieba's lead counsel, appellant then attempted to schedule—on that same date—the deposition of one of the lead counsel's paralegals, prompting Zieba's attorney to file a motion resisting the deposition. On April 15, appellant set a hearing on the motions resisting the deposition, again for April 17, the same day Zieba's counsel was scheduled to be out of town and the same day for which Zieba had already received a continuance. Zieba had to file another, last-minute motion for continuance, reiterating that her counsel was unavailable on April 17, 2002.

In his defense, appellant argues that the parties were already ordered to appear in court on April 17 to announce for docket call. Furthermore, two secondary attorneys, both of whom were also board certified in family law, had previously represented Zieba when her lead counsel was unavailable. Appellant argues that either of the two remaining attorneys could have attended a hearing to schedule a deposition.

---

[8] The associate judge awarded $5,000 in sanctions, which the district court reduced to $2,500 when it reviewed the award de novo.

Appellant's argument assumes that a party who has received a motion for continuance on account of an attorney's scheduling conflict is still available so long as that party has other lawyers who could handle the meeting. Despite appellant's argument regarding whom Zieba should choose to represent her, the only evidence before us is that appellant knew that Zieba's attorney was unavailable and had already been granted a motion for continuance. We observe that the "trial court is in the best position to observe the demeanor and personalities of the witnesses and can 'feel' the forces, powers, and influences that cannot be discerned by merely reading the record." *Jeffers v. Wallace*, 615 S.W.2d 252, 253 (Tex. Civ. App.—Dallas 1981, no writ).

We conclude that it was not an abuse of discretion for the district court to award $2,500 in sanctions for appellant's insistence on scheduling hearings on the same day. We overrule appellant's third issue.

**Findings of Fact and Conclusions of Law**

Findings of fact and conclusions of law are required where they are necessary to the appeal. *See Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (failure to file findings and conclusions that are properly requested is presumed harmful unless "the record before [the] appellate court affirmatively shows that the complaining party has suffered no injury") (quoting *Wagner v. Riske*, 178 S.W.2d 117, 120 (Tex. 1944)). Here, the only issues being appealed are the attorney's fees and two sanctions orders. Under our abuse-of-discretion standard, the only issue raised by the appellant is the sufficiency of the evidence to entitle the district court to enter these awards. As explained above, the attorney's fees award of $35,000 is supported by uncontroverted testimony, billing records, and rate comparisons suggesting the total fees were as high as $95,000. Moreover, the two sanctions orders contain detailed factual findings within the order, upon which

8

the district court relied when it reduced and confirmed those awards. The extensive evidentiary foundation found within the record, as well as the specific findings made by the associate judges on *each* of the sanction orders, renders findings of fact and conclusions of law unnecessary. *See Brazoria County v. Texas Comm'n on Envtl. Quality*, No. 03-03-00121-CV, 128 S.W.3d 728, ___, 2004 Tex. App. LEXIS 1250, at *37 n.10 (Tex. App.—Austin, April 1, 2004, no pet. h.) (test of whether failure to file findings of fact and conclusions of law constitutes harm is whether circumstances of particular case would require appellant to guess reason or reasons that trial judge ruled against it); *Sheldon Pollack Corp. v. Pioneer Concrete of Tex., Inc.*, 765 S.W.2d 843, 845 (Tex. App.—Dallas 1989, writ denied (same). Consequently, we overrule appellant's final issue.

## CONCLUSION

Because we have overruled appellant's four issues, we affirm the final judgment of the district court.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: April 29, 2004

9