TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00584-CV






Billie Lee Martin, Appellant


v.


Lorraine Zieba, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. 98-13153, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant Billie Lee Martin contends that the judgment of the district court should
be reversed because the court abused its discretion in awarding attorney's fees and two awards of
sanctions against him. Additionally, he contends that this appeal should be abated because the
district court failed to file findings of fact and conclusions of law. We overrule appellant's four
issues and affirm the judgment of the district court.


BACKGROUND


 Appellant and Lorraine Zieba filed for divorce in 1990, and both sought custody of
their daughter. The property division was appealed, (1) remanded, retried, and followed by a suit to
modify access and possession of their daughter.

 The dispute leading to this appeal began when Zieba discovered her daughter's diary,
which contained detailed descriptions of the daughter's misbehavior while visiting appellant and
appellant's girlfriend. This discovery prompted Zieba to file a petition to modify the parent-child
relationship, including a request for a temporary restraining order and temporary orders. Appellant 
filed a countersuit also seeking to modify the parent-child relationship.

 Among other things, the district court entered judgment awarding attorney's fees and
confirmed two sanctions orders by associate judges. The awards included $35,000 in attorney's fees
for Zieba's suit affecting the parent-child relationship; $15,000 in sanctions because appellant
frivolously filed a pleading requesting custody of the child; and $2,500 in sanctions for appellant's
attempt to schedule a discovery hearing on a date for which a continuance had already been granted. (2)

 Appellant argues that the judgment of the district court should be reversed because
the court abused its discretion in awarding attorney's fees and sanctions. Further, appellant contends 
that this appeal should be abated because the district court erred by failing to file findings of fact and
conclusions of law.


DISCUSSION


Attorney's Fees and Sanctions

 Appellant challenges the district court's awards of attorney's fees and sanctions
against him, arguing that the court abused its discretion by granting the three awards. We will
examine each award in turn.


(1) Award of $35,000 for the suit affecting the parent-child relationship

 The district court awarded attorney's fees under section 106.002(a) of the family code,
which allows the trial court to render judgment for reasonable attorney's fees and expenses in a suit
affecting the parent-child relationship. Tex. Fam. Code Ann. § 106.002 (West Supp. 2004). The
award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's
discretion. Id.; see Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex. 1996) (holding award of attorney's
fees discretionary in suit affecting parent-child relationship). Under an abuse-of-discretion standard,
legal and factual insufficiency are not independent grounds of error, but are relevant factors in
assessing whether the trial court abused its discretion. Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex.
App.--Austin 1997, no writ). (3) 

 Under the abuse-of-discretion standard, we must determine "whether the trial court
acted without reference to any guiding rules or principles; in other words, whether the act was
arbitrary or unreasonable." Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990). That a trial court
may decide a matter within its discretionary authority differently than we would under similar
circumstances does not demonstrate that an abuse of discretion has occurred. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). An abuse of discretion does not
occur where the trial court bases its decisions on conflicting evidence. Davis v. Huey, 571 S.W.2d
859, 862 (Tex. 1978). Furthermore, an abuse of discretion does not occur as long as some evidence
of a substantive and probative character exists to support the trial court's decision. Echols v.
Olivarez, 85 S.W.3d 475, 477 (Tex. App.--Austin 2002, no pet.).

 Once we determine that the abuse-of-discretion standard applies, we engage in a
two-pronged inquiry: (1) whether the trial court had sufficient information on which to exercise its
discretion; and (2) whether the trial court erred in its application of discretion. Id. at 477-78. We
approach the first question under traditional sufficiency review and then proceed to determine
whether, based on the elicited evidence, the trial court made a reasonable decision. Id.; Lindsey v.
Lindsey, 965 S.W.2d 589, 592 (Tex. App.--El Paso 1998, no pet.).

 Here, Zieba provided ample evidence for the district court to evaluate the appropriate
amount of attorney's fees. She provided expert testimony by her attorney that $95,000 was
"reasonable and necessary under the circumstances." See Woollett v. Matyastik, 23 S.W.3d 48,
52-53 (Tex. App.--Austin 2000, pet. denied) (expert testimony is required to support award of
attorney's fees). Zieba's attorney testified as to his experience and expertise and compared his
hourly rate with similarly situated, board-certified family-law attorneys in the area. Furthermore,
Zieba's attorney introduced into evidence billing records and testified about the hours and rates for
each of three attorneys and two paralegals involved in the case. See Central Tex. Micrographics v.
Leal, 908 S.W.2d 292, 299 (Tex. App.--San Antonio 1995, no writ) (evidence supporting award of
attorney's fees should include hourly rate and hours expended). This testimony was uncontroverted. 
The district court considered all the evidence and awarded $35,000 as attorney's fees for Zieba's
pursuit of the entire case. The district court had sufficient evidence in the form of uncontroverted
expert testimony, and we cannot say that this award was so arbitrary or unreasonable as to require
reversal. We overrule appellant's first issue.


(2) Award of $15,000 for filing frivolous pleadings

 The district court imposed $15,000 in sanctions against appellant for filing frivolous
pleadings. (4) See Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West 2002). When a trial court
imposes sanctions for violations of section 10.001 of the civil practice and remedies code, we review
its decision for abuse of discretion. Sterling v. Alexander, 99 S.W.3d 793, 797 (Tex. App.--Houston
[14th Dist.] 2003, pet. denied). Section 10.001 provides that the signing of a pleading or motion
certifies that the pleading or motion is not being presented for an improper purpose; that each
contention is warranted by existing law; that each contention has evidentiary support; and that each
denial is warranted on the evidence or is reasonably based on a lack of information or belief. Tex.
Civ. Prac. & Rem. Code Ann. § 10.001. Section 10.002 provides that sanctions may be awarded to
a party for attorney's fees and expenses incurred in presenting or opposing a motion under section
10.001. Id. § 10.002 (West 2002). (5)

 After Zieba filed a motion to modify the parent-child relationship, but before
appellant knew about the diary, appellant repeatedly tried to obtain an order for the judge to confer
with the child. Appellant argues that Zieba opposed such an interview, presumably because the
smoking-gun diary might be revealed prematurely--that is, before Zieba could spring it on appellant
at trial. Appellant describes his next step--filing a motion to modify the parent-child relationship
to give appellant joint custody of his daughter--as an attempt to secure a guardian ad litem and a
judicial interview with his daughter, not a serious custody pleading. (6)

 Pleadings are not to be used as an improper means to an end. Though appellant
alleged early on that this suit was not about custody, he waited over two months to withdraw his
pleadings. Zieba was therefore entitled to take at face value the pleadings and defend against an
adverse change in custody. We note also that appellant had other means for securing a guardian ad
litem and a judicial interview with his daughter; he did not need to file a custody pleading to do so. (7) 

 The district court had before it appellant's own admissions that he had filed a custody
suit for purposes other than pursuing a change in custody and thus did not err in imposing sanctions
against him for misusing pleadings. We conclude that the award of $15,000 in sanctions for
defending against frivolous pleadings is not so arbitrary or unreasonable as to constitute an abuse
of discretion. We overrule appellant's second issue.


(3) Award of $2,500 as sanctions for discovery harassment

 Appellant also appeals the $2,500 in sanctions he received for his repeated attempts
to schedule hearings on a day that appellant knew Zieba's lead counsel would be out of town. (8) The
district court found that appellant's motions were designed to harass Zieba and that they violated
section 10.001 of the civil practice and remedies code. We also review this award for an abuse of
discretion. Sterling, 99 S.W.3d at 797.

 Appellant served notice of his de novo appeal regarding the frivolous-pleading
sanctions award and set the hearing for April 17, 2002. Because Zieba's attorney had to attend an
out-of-town mediation, her attorney filed for, and was granted, a continuance.

 Now fully aware that April 17 would not work for Zieba's lead counsel, appellant
then attempted to schedule--on that same date--the deposition of one of the lead counsel's
paralegals, prompting Zieba's attorney to file a motion resisting the deposition. On April 15,
appellant set a hearing on the motions resisting the deposition, again for April 17, the same day
Zieba's counsel was scheduled to be out of town and the same day for which Zieba had already
received a continuance. Zieba had to file another, last-minute motion for continuance, reiterating
that her counsel was unavailable on April 17, 2002.

 In his defense, appellant argues that the parties were already ordered to appear in
court on April 17 to announce for docket call. Furthermore, two secondary attorneys, both of whom
were also board certified in family law, had previously represented Zieba when her lead counsel was
unavailable. Appellant argues that either of the two remaining attorneys could have attended a
hearing to schedule a deposition.

 Appellant's argument assumes that a party who has received a motion for continuance
on account of an attorney's scheduling conflict is still available so long as that party has other
lawyers who could handle the meeting. Despite appellant's argument regarding whom Zieba should
choose to represent her, the only evidence before us is that appellant knew that Zieba's attorney was
unavailable and had already been granted a motion for continuance. We observe that the "trial court
is in the best position to observe the demeanor and personalities of the witnesses and can 'feel' the
forces, powers, and influences that cannot be discerned by merely reading the record." Jeffers v.
Wallace, 615 S.W.2d 252, 253 (Tex. Civ. App.--Dallas 1981, no writ).

 We conclude that it was not an abuse of discretion for the district court to award
$2,500 in sanctions for appellant's insistence on scheduling hearings on the same day. We overrule
appellant's third issue.


Findings of Fact and Conclusions of Law

 Findings of fact and conclusions of law are required where they are necessary to the
appeal. See Cherne Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989) (failure to file
findings and conclusions that are properly requested is presumed harmful unless "the record before
[the] appellate court affirmatively shows that the complaining party has suffered no injury") (quoting
Wagner v. Riske, 178 S.W.2d 117, 120 (Tex. 1944)). Here, the only issues being appealed are the
attorney's fees and two sanctions orders. Under our abuse-of-discretion standard, the only issue
raised by the appellant is the sufficiency of the evidence to entitle the district court to enter these
awards. As explained above, the attorney's fees award of $35,000 is supported by uncontroverted
testimony, billing records, and rate comparisons suggesting the total fees were as high as $95,000. 
Moreover, the two sanctions orders contain detailed factual findings within the order, upon which
the district court relied when it reduced and confirmed those awards. The extensive evidentiary
foundation found within the record, as well as the specific findings made by the associate judges on
each of the sanction orders, renders findings of fact and conclusions of law unnecessary. See
Brazoria County v. Texas Comm'n on Envtl. Quality, No. 03-03-00121-CV, 128 S.W.3d 728, ___,
2004 Tex. App. LEXIS 1250, at *37 n.10 (Tex. App.--Austin, April 1, 2004, no pet. h.) (test of
whether failure to file findings of fact and conclusions of law constitutes harm is whether
circumstances of particular case would require appellant to guess reason or reasons that trial judge
ruled against it); Sheldon Pollack Corp. v. Pioneer Concrete of Tex., Inc., 765 S.W.2d 843, 845 (Tex.
App.--Dallas 1989, writ denied (same). Consequently, we overrule appellant's final issue.


CONCLUSION


 Because we have overruled appellant's four issues, we affirm the final judgment of
the district court.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: April 29, 2004

1. See Zieba v. Martin, 928 S.W.2d 782 (Tex. App.--Houston [14th Dist.] 1996, no writ).
2. The family code authorizes trial courts to refer certain family-law matters to associate
judges. See generally Tex. Fam. Code Ann. §§ 201.001-.018 (West 2002 & Supp. 2004). Here, the
two sanctions orders grew out of two separate hearings before different associate judges. Appellant
appealed both sanctions awards, which were reduced and confirmed by the district court conducting
a de novo review. See Attorney Gen. v. Orr, 989 S.W.2d 464, 467 (Tex. App.--Austin 1999, no
pet.) (appeal from associate judge's ruling requires de novo hearing by district court, which is new
and independent action with all attributes of original civil action). In this case, an associate judge
awarded $32,500 in sanctions for the frivolous pleadings, which was reduced to $15,000 by the
district court after reviewing the award de novo. Another associate judge awarded $5,000 in
sanctions for the discovery harassment; likewise, this award was reduced to $2,500. 
3. Appellant also challenges the awards for legal and factual sufficiency, which we will
consider as factors relevant to whether the district court abused its discretion. When reviewing a
no-evidence challenge, we consider all the evidence in the light most favorable to the judgment,
making every reasonable inference in its favor. Associated Indem. Corp. v. CAT Contracting, Inc.,
964 S.W.2d 276, 285-86 (Tex. 1998). When reviewing a factual-sufficiency challenge, we consider
all the evidence and uphold the judgment unless we find that (1) the evidence is too weak to support
the finding or (2) the finding is so against the overwhelming weight of the evidence as to be
manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Sunbeam Envtl. Servs. v. Texas
Workers' Comp. Ins. Facility, 71 S.W.3d 846, 849-50 (Tex. App.--Austin 2002, no pet.).
4. The associate judge awarded $32,500 in sanctions, which the district court reduced to
$15,000 when it reviewed the award de novo.
5. The district court determined that the award of $15,000 in sanctions was appropriate for
the "reasonable, necessary and customary attorney's fees" necessary to defend against the frivolous
pleading and to file a motion for sanctions. A trial court is allowed to award "reasonable expenses
and attorney's fees" as sanctions. See Tex. Civ. Prac. & Rem. Code Ann. § 10.002(c) (West 2002).
6. Appellant's counsel testified that "on a telephone conference we explained to the Judge at
that time that we were not after custody; we were only using [the conservatorship pleadings] as a tool
to get a court appointed ad litem, which was a mandatory move and was successful." But appellant
failed to file a Rule 11 agreement indicating that he was not seeking custody and failed to amend his
pleadings to delete the custody allegations.
7. Appellant's counsel testified that he had not filed a motion to ask the court to exercise its
discretion in interviewing the child or a request that the court appoint a guardian ad litem. 
8. The associate judge awarded $5,000 in sanctions, which the district court reduced to $2,500
when it reviewed the award de novo.