Barney C. **COTRONE**, Appellant,

v.

**BRYAN PRODUCTION CREDIT AS-SOCIATION, Appellee.**

No. 5296.

Court of Civil Appeals of Texas, Waco.

Nov. 29, 1973.

Rehearing Denied Dec. 27, 1973.

Phillip B. Goode, College Station, for appellant.

John M. Barron, W. S. Barron, Bryan, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Cotrone from summary judgment against him on two notes, and foreclosure of security agreement on cattle and personal property securing such notes.

Plaintiff Bryan Production Credit Association filed suit on November 8, 1972 against defendant Cotrone for balance due on two notes signed by defendant payable to plaintiff, and for foreclosure of security agreement on cattle and personal property securing such notes.

Defendant answered by general denial.

The case was set for February 7, 1973, and later by agreement reset for May 17, 1973. On May 11, 1973, defendant moved for a continuance, which was granted, and the case was reset for June 14, 1973.

On June 1, 1973, plaintiff moved for summary judgment. On June 6, 1973, defendant's attorney moved for permission to withdraw, which motion was granted on that date. Defendant secured present counsel who filed motion for continuance and then left the state to attend to previous professional commitments. When defendant's counsel returned on June 18, 1973, he learned the case had been reset for June 21, 1973. On June 19, 1973, defendant's counsel filed another motion for continuance, controverting affidavit to plaintiff's motion for summary judgment, and a motion to withdraw as defendant's attorney. The trial court on June 21, overruled defendant's motion for continuance, overruled motion of defendant's counsel to withdraw, and granted plaintiff's motion for summary judgment.

Defendant filed motion for rehearing which was overruled by the trial court.

Defendant appeals on 7 points contending the trial court erred:

1) In granting motion of defendant's first attorneys to withdraw.

2) In resetting the case for June 21, 1973, knowing defendant's new attorney would not have opportunity to prepare adequately for defense of the case.

3) In overruling defendant's motion for continuance on June 21, 1973.

4) In overruling motion of defendant's present attorney to withdraw from the case.

5) In refusing defendant a trial by jury.

6) In granting summary judgment when the facts necessary to support such judgment were in dispute.

7) In ordering foreclosure under the security agreement "which contained approximately 40 head of cattle more than Cotrone had agreed to".

■ Points 1 and 4 complain of permitting defendant's first attorney to withdraw, and not permitting defendant's present attorney to withdraw. These are matters within the discretion of the trial court, and his action thereon will not be disturbed absent a showing of clear abuse of such discretion. There is no such showing here.

■ Points 2 and 3 complain of the trial court's overruling of motions for continuance. The granting or refusal of continuance or time to prepare are matters within the discretion of the trial court and will not be disturbed absence a showing of clear abuse of such discretion. There is no such showing here. Kramer v. Crout, Tex.Civ.App., NRE, 279 S.W.2d 932; 13 Tex.Jur.2d p. 73.

■ Point 5 complains of refusal of jury trial. The judgment was rendered on motion for summary judgment in which event defendant is not entitled to trial by jury.

Points 6 and 7 assert the trial court erred in rendering summary judgment in the case.

Plaintiff moved for summary judgment on the note pleaded, and foreclosure of the security agreement securing the same. Plaintiff's motion had attached the original notes and affidavits reflecting the amounts due on such notes as of the date suit was filed. The judgment totalling $60,175.74 is a correct computation of the amount due on date of judgment.

Plaintiff's motion (as well as its pleading) had attached security agreement dated January 6, 1969, which recited collateral of 124 head of cattle and a number of farm implements.

The judgment recites a security agreement dated December 30, 1969, on 359 head of cattle and a slightly different list of farm implements. And the judgment forecloses the security agreement "as it existed on December 30, 1969, and directs the Sheriff to seize and sell the "above described property" * * * "except 304 head of cattle sold by mortgagor and proceeds of sale paid to mortgagee".

■ Defendant filed an affidavit in opposition to the motion for summary judgment in which he alleged he was induced to sign the notes because of statements made by plaintiff "which I should be entitled to show the court upon a trial upon its merits"; and he alleged a failure of consideration, "a defense which I should be allowed to establish in a trial of this case on its merits".

Such affidavit does not allege specific facts within the knowledge of affiant as is required by Rule 166-A, Rules of Civil Procedure, and thus cannot serve to defeat the summary judgment.

■ Nevertheless summary judgment should be affirmed only if the summary

judgment proof establishes a right thereto as a matter of law. Gibbs v. General Motors Corp., S.Ct., 450 S.W.2d 827; Farley v. Prudential Ins. Co., S.Ct., 480 S.W.2d 176.

■ And as noted that part of the judgment foreclosing the security agreement does not correspond to either the security agreement attached to the pleadings or to the motions for summary judgment. Thus plaintiff has not established its right to summary judgment foreclosing such security agreement as a matter of law.

We therefore sever that part of the judgment foreclosing the security agreement from that portion decreeing judgment on the notes; in part sustain points 7 and 8; and reverse and remand that portion of the judgment foreclosing the security lien, so that the facts may be more fully developed and clarified on either another motion for summary judgment or at trial on the merits. That portion of the judgment decreeing plaintiff judgment against defendant for $60,175.74 is affirmed. Costs of appeal are taxed ½ each against the parties.

Affirmed in part, reversed and remanded in part.