ACCEPTED
01-14-00504-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/23/2015 11:47:52 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00504-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/23/2015 11:47:52 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE
# FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON

## SANDRA PEREZ,
APPELLANT

**v.**

## BRIAN WILLIAMS,
APPELLEE

On appeal from the 257th Judicial District Court
Harris County, Texas | Cause No. 2013-05419

## APPELLEE'S BRIEF

Respectfully submitted,

LAW OFFICE OF JANICE L. BERG
**Janice L. Berg**
State Bar No. 24064888
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100 | Fax: (713) 225-0099
Service: service@janiceberglaw.com
Non-service: janice@janiceberglaw.com

LAW OFFICE OF DANIEL J. LEMKUIL
**Daniel J. Lemkuil**
State Bar No. 00789448
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100 | Fax (713) 225-0099
daniel_lemkuil@flash.net

## ATTORNEYS FOR APPELLEE

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Appellant/Petitioner**
SANDRA PEREZ (mother/alleged wife)

Representing Appellant at Trial:
**Mark G. Lipkin**
State Bar No. 00794175
5535 Memorial Drive, Ste. F., Box 710
Houston, Texas 77007
Tel: (713) 802-9488
Fax: (713) 802-0688

Representing Appellant at Trial
and on Appeal:
**David T. Altenbern**
State Bar No. 01117870
2603 Augusta Drive, Suite 880
Houston, Texas 77057
Tel: (713) 780-7100
Fax: (713) 780-7111
davidalt22@hotmail.com

**Appellee/Respondent**
BRIAN WILLIAMS (father/alleged husband)

Representing Appellee on Appeal:
**Janice L. Berg**
State Bar No. 24064888
LAW OFFICE OF JANICE L. BERG
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100 | Fax: (713) 225-0099
Service email: service@janiceberglaw.com
Non-service: janice@janiceberglaw.com

Representing Appellee at Trial and
on Appeal:
**Daniel J. Lemkuil**
State Bar No. 00789448
LAW OFFICE OF DANIEL J. LEMKUIL
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100
Fax: (713) 225-0099
daniel_lemkuil@flash.net

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................... ii

Table of Contents ..................................................................................... iii

Index of Authorities ................................................................................. vi

Statement of the Case ............................................................................... ix

Statement Regarding Oral Argument ......................................................... ix

Appellee's Issues—Restated ...................................................................... x

    Issue 1—Restated:  The trial court did not err by granting summary judgment on the issue of common law marriage. No genuine issue of material fact existed as to the elements of common law marriage; Sandra failed to timely respond to the motion. ............ x

    Issue 2—Restated:  The trial court did not err by denying opposing co-counsel's mid-trial motion to substitute. There was no notice of the motion and counsel was still permitted to participate. .............. x

    Issue 3—Restated:  The trial court properly sustained objections to court documents offered by Respondent. Even if exclusion was error, such error was harmless. ...................................... x

    Issue 4—Restated:  The trial court properly determined that there was no gift of a Range Rover to Respondent. ............................................ x

    Issue 5—Restated:  The trial court properly excluded photographs that were requested but not produced in discovery. Even if exclusion was error, such error was harmless. .................................... x

    Issue 6—Restated:  The trial court properly sustained a relevancy objection to questions about whether Petitioner had seen a psychologist. Even if exclusion was error, such error was harmless. x

    Issue 7—Restated:  The trial court properly awarded primary conservatorship to Petitioner and properly rendered a possession order for a child under the age of three and a

prospective possession order for the child to take effect on her third birthday.................................................................. xi

Statement of Facts....................................................................... 1

    A.  Background........................................................................ 1

    B.  Procedural history ........................................................... 1

    C.  Evidence at trial .............................................................. 3

    D.  Trial court's order .......................................................... 4

Summary of the Argument.......................................................... 6

Argument and Authorities........................................................... 8

    I.  Standard of Review Applicable to All Issues ............................ 8

    II.  All issues are waived – the judgment appealed from was agreed as to by Sandra as to both form and substance .................................... 9

    III.  Issue 1 – The trial court did not err by granting partial summary judgment that no informal marriage existed between the parties........... 10

    IV.  Issue 2 – The trial court did not err by denying Sandra's mid-trial motion to substitute where there was no notice of the motion............... 12

    V.  Issue 3 – The trial court did not err by refusing to take judicial notice of uncertified pleadings from another case. ........................... 13

    VI.  Issue 4 – The trial court did not err by refusing to award Sandra a Range Rover........................................................................ 15

    VII.  Issue 5 – The trial court did not err by excluding exhibits that were properly requested but not provided in discovery................................. 15

    VIII.  Issue 6 – The trial court did not err by sustaining an objection to the question "Have you seen a psychologist?" ............................ 17

iv

IX. Issue 7 – The trial court did not err by naming Brian the joint managing conservator with the exclusive right to designate the child's primary residence and by granting a non-standard possession order for a child under the age of three. ............................... 18

Prayer ........................................................................................... 22

Certificate of Word Count Compliance ................................................. 23

Certificate of Service ....................................................................... 24

# INDEX OF AUTHORITIES

**Cases**

*Ballesteros v. Jones*, 985 S.W.2d 485 (Tex. App.—San Antonio 1999, pet. denied) ........................................................................................................... 11

*Bay Area Healthcare Grp., Ltd. v. McShane,* 239 S.W.3d 231 (Tex. 2007) .......... 15

*Beck v. Walker*, 154 S.W.3d 895 (Tex. App.—Dallas 2005, no pet.) ....................... 8

*Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682 (Tex. 2002) ........... 16

*Cotrone v. Bryan Prod. Credit Ass'n*, 502 S.W.2d 954 (Tex. Civ. App.—Waco 1973, writ ref'd n.r.e.) ..................................................................................... 12

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex. 1985) ............ 16, 19

*Gillespie v. Gillespie*, 664 S.W.2d 449 (Tex. 1982) ............................................... 19

*Howard v. Howard*, 459 S.W.2d 901 (Tex. App.—Houston [1st Dist.] 1970, no writ) ............................................................................................................... 11

*In re A.D.H.*, 979 S.W.2d 445 (Tex. App.—Beaumont 1998, no writ) .................. 19

*In re A.R.*, 236 S.W.3d 460 (Tex. App.—Dallas 2007, no pet.) ............................ 13

*In re D.A.*, 307 S.W.3d 556 (Tex. App.—Dallas 2010, no pet.) ............................ 20

*In re T.J.S.*, 71 S.W.3d 452 (Tex. App.—Waco 2002, pet. denied) ....................... 22

*INA v. Bryant*, 686 S.W.2d 614 (Tex. 1985) ......................................................... 11

*Keller Industries, Inc. v. Blanten*, 804 S.W.2d 182 (Tex. App.—Houston [14th Dist.] 1991) ................................................................................................... 12

*Mailhot v. Mailhot*, 124 S.W.3d 775 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ..................................................................................................... 6, 9

*Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35 (Tex. 1998)............. 16

*Palkovic v. Cox*, 792 S.W.2d 743 (Tex. App.—Houston [14th Dist.] 1990, writ denied).................................................................................................................. 12

*Republic Underwriters Ins. v. Mex.-Tex., Inc.*, 150 S.W.3d 423 (Tex. 2004) ........ 19

*Roberson v. Robinson*, 768 S.W.2d 280 (Tex. 1989) .............................................. 21

*Sharma v. Vinmar Int'l, Ltd.,* 231 S.W.3d 405 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ...................................................................................................... 16

*Tex. Dep't of Transp. v. Able,* 35 S.W.3d 608 (Tex. 2000).................................... 16

*Van Heerden v. Van Heerden*, 321 S.W.3d 869 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ...................................................................................................... 17

*Vossdale Townhouse Association, Inc.*, 302 S.W.3d 890 (Tex. App.—Houston [14th Dist.] 2009)................................................................................................ 13

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) ...................................................... 9

*Warchol v. Warchol*, 853 S.W.2d 165 (Tex. App.—Beaumont 1993, no writ)...... 19

*Watts v. Oliver*, 396 S.W.3d 124 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ............................................................................................................................ 17

*Wheeler v. Green*, 157 S.W.3d 439 (Tex. 2005)..................................................... 10

*Worford v. Stamper*, 801 S.W.2d 108 (Tex. 1990)................................................... 8

**Statutes**

Tex. Fam. Code § 153.254(a) ...................................................................... 20, 21

Tex. Fam. Code § 153.256(1) ........................................................................... 20

Tex. Fam. Code § 153.256(3) ........................................................................... 21

Tex. Fam. Code § 153.258 ............................................................................... 21

Tex. Fam. Code. § 2.401(a)(2) ......................................................................... 11

**Rules**

Tex. R. App. P. 38.2(a)(B) ................................................................................. x

Tex. R. App. P. 44.1(a) .................................................................................... 16

Tex. R. App. P. 44.1(a)(1) ............................................................................... 14

Tex. R. Civ. P. 10 ........................................................................................... 12

Tex. R. Civ. P. 166a(c) .............................................................................. 10, 11

Tex. R. Civ. P. 193.6 ...................................................................................... 16

Tex. R. Evid. 103(a) ....................................................................................... 17

## STATEMENT OF THE CASE

*Nature of the case:*  Paternity suit filed by biological father to establish the parent-child relationship; mother filed counterpetition alleging common law marriage.

*Course of proceedings:*  Trial was held over two days about a month apart. At the beginning of the second day of trial, newly hired co-counsel for mother asked to be "substituted." The trial court denied that motion for lack of notice but allowed counsel to participate in trial nonetheless.

*Trial court disposition:*  The trial court granted summary judgment in favor of alleged husband that there was no marriage; following a bench trial, the court entered orders naming the parents joint managing conservators of the children, awarding child support, and setting terms of possession and access. The parties approved the decree as to both form and substance.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee, Brian Williams, respectfully requests the opportunity to present oral argument. Oral argument would significantly aid the Court in deciding this case by providing additional explanation of the facts and issues presented. *See* Tex. R. App. P. 38.1(e); 39.1(d).

# APPELLEE'S ISSUES—RESTATED[1]

**Issue 1—Restated:** The trial court did not err by granting summary judgment on the issue of common law marriage. No genuine issue of material fact existed as to the elements of common law marriage; Sandra failed to timely respond to the motion.

**Issue 2—Restated:** The trial court did not err by denying opposing co-counsel's mid-trial motion to substitute. There was no notice of the motion and counsel was still permitted to participate.

**Issue 3—Restated:** The trial court properly sustained objections to court documents offered by Respondent. Even if exclusion was error, such error was harmless.

**Issue 4—Restated:** The trial court properly determined that there was no gift of a Range Rover to Respondent.

**Issue 5—Restated:** The trial court properly excluded photographs that were requested but not produced in discovery. Even if exclusion was error, such error was harmless.

**Issue 6—Restated:** The trial court properly sustained a relevancy objection to questions about whether Petitioner had seen a psychologist. Even if exclusion was error, such error was harmless.

---

[1] Appellee restates Appellant's issues presented pursuant to Tex. R. App. P. 38.2(a)(B).

**Issue 7—Restated:** **The trial court properly awarded primary conservatorship to Petitioner and properly rendered a possession order for a child under the age of three and a prospective possession order for the child to take effect on her third birthday.**

Appellee, Brian Williams, submits this brief in response to Appellant's Brief and asks this Court to affirm the judgment of the trial court. In support, Appellee offers as follows:

## STATEMENT OF FACTS

### A. Background

Brian Williams and Sandra Perez met when Sandra was working as an exotic dancer in 2008. (2RR 73). They began living together in May or June of 2010. (2RR 11). (CR 4). Both Brian and Sandra had children from prior marriages. (2CR 10-11). The couple had one child together, a daughter, E.W., born on October 12, 2011.

### B. Procedural history

On January 28, 2013, Brian filed his Original Petition in Suit Affecting Parent-Child Relationship. (CR 4). Brian sought sole managing conservatorship of E.W. and asked that Sandra be ordered to pay child support. (CR 5).

On March 1, 2013, Sandra filed an original answer and a counterpetition, alleging that she and Petitioner were informally married. (CR 60). Sandra also sought sole managing conservatorship of E.W., child support from Brian, and a disproportionate division of the alleged community estate. (CR 62).

On October 7, 2013, Petitioner filed a motion for partial summary judgment that (1) no informal marriage existed between the parties and (2) that Brian was the

1

biological father of the child. (CR 8). On December 4, 2013, the day before the hearing on the motion, Respondent filed her response. (CR 26). On December 13, 2013, the trial court signed an "Order on Partial Summary Judgment." The order states in relevant part:

> 1. By agreement and stipulation, Brian Williams is confirmed and adjudicated as the father of [E.W.], and the parent-child relationship is confirmed and established for all purposes.
>
> 2. Brian Williams and Sandra Peres are found and declared not to be married. The issues of marriage and community property are therefore dismissed from the lawsuit.

(CR 56). Partial summary judgment having been granted, the case proceeded to trial on the issues of conservatorship, visitation, child support.

The case was tried over the course of two days, February 6, 2014 (*see generally* 2RR) and March 28, 2014 (*see generally* 3RR). On February 6, 2014, Sandra was represented by Mark Lipkin. Trial was recessed while Sandra was still on the stand. When trial resumed on March 28, 2014, attorney David Alternbern, appeared and asked to be substituted for Lipkin. (3RR 4). Although Alternbern states in the record that a motion for substitution was electronically filed on March 28, 2014, no such motion appears in the clerk's record. (3RR 4-5).

Brian objected to the motion for substitution, arguing surprise and lack of notice. (3RR 6). Alternbern had appeared as co-counsel previously, but the substitution was never raised until trial. The trial court denied the motion at that

time, stating that there was no notice of the motion. (3RR 7). Post-trial, the trial court approved the request and permitted Alternbern to substitute for Lipkin.

### C. Evidence at trial

At the time of trial in April 2014, E.W. was approximately 2 years and 6 months old. (CR 4). Evidence at trial indicated that Brian was E.W.'s primary caregiver for most of her life. (2RR 12-14). Brian testified that although Sandra was active during breastfeeding for a few hours each night, she was otherwise an "absentee, inactive mother." (2RR 12). Brian was the one who changed diapers, prepared food, and visited the pediatrician with the child. (2RR 12-14). Brian testified that the major reason he started his new business was so that he would have more time and flexibility to be the primary parent to E.W. (2RR 15).

Brian testified as to numerous acts of violence against him by Sandra's children from a prior marriage. (2RR 16-17). There was also evidence that Sandra had been violent towards Brian. (2RR 17). On one incident, she came after him with a knife. (2RR 17). Things came to a head around Christmas 2012 when Sandra became violent with Brian and his older children. (2RR 18). She threw a Christmas tree and verbally abused Brian's other children. (2RR 18). More acts of violence occurred after the lawsuit was filed but before Sandra had moved out of Brian's residence. (2RR 20). There was also evidence that she had slapped E.W. in the face when she was less than one year old, saying the baby needed to "respect

3

her." (2RR 69). Evidence was also presented that Sandra, a native of the Dominican Republic, had once kidnapped her oldest child from her prior marriage from the Cayman Islands when that child was about as old as E.W. was at the time of trial and that Sandra was still wanted in the Cayman Islands for that crime. (2RR 56, 85).

Sandra attempted to elicit testimony and introduce evidence about an pending custody litigation between Brian and his ex-wife. Although Sandra claimed that Brian had supervised visitation with his other children, she admitted that she had never seen an order that restricted Brian's supervision to his older children for any reason. (3RR 34-35). She also admitted that she had been offered money by Brian's ex-wife to prolong this lawsuit. (3RR 34).

Sandra attempted to introduce photographs of alleged bruising into evidence during the second day of trial. (3RR 15). Brian objected because the photographs had not been produced in discovery although they had been properly requested. (3RR 14-15). The trial court sustained the objection. (3RR 15).

**D. Trial court's order**

On April 8, 2014, the trial court issued its rendition in a letter report. (See Appellant's Brief at "Appendix"). This rendition does not appear as a part of the clerk's record.

4

On April 25, 2014, the trial court signed its "Order in Suit Affecting the Parent-Child Relationship." (CR 82). The parties signed and approved the Order as to both form and substance. (CR 82, 101, 102). Because the final order was agreed to by the parties as to both form and substance, it will sometimes be referred to in this brief as the "Agreed Order."

With regard to parentage, the Agreed Order states: "IT IS ORDERED that Brian Williams is, and he is adjudicated to be the father of [E.W.], born on October 12, 2011 to Sandra Perez, and that the parent-child relationship between the father and the child is established for all purpose." (CR 83).

With regard to the alleged common law marriage, the Agreed Order states: "The court further finds and declares that the parties are not now and have never been married." (CR 83).

The Agreed Order named the parents joint managing conservators. (CR 83). Brian was given the exclusive right to designate the primary residence of the child without regard to geographic restriction and the exclusive right to receive and give receipt for child support. (CR 86). Brian was also given the exclusive right to make educational decisions for the child and the exclusive right to make psychological and psychiatric decisions for the child, after conferring with Sandra. (CR 86). The parties were given the joint right to make invasive medical decisions for the child, with the child's treating pediatrician as tie-breaker in the event the parties cannot

agree. (CR 86-87). All other major rights are to be exercised independently by the parents. (CR 86-87).

The Court's letter rendition requires Sandra to pay child support at an amount equal to the guidelines in the Texas Family Code for minimum wage earners. (See Appellant's Brief at "Appendix"). The Agreed Order requires Sandra to pay $195.69 per month until the end of October 2018 and then child support increases to $223.64 per month until the child reaches the age of majority. (CR 94).

The Agreed Order awards Sandra a modified standard possession order that transitions to a standard possession order once the child reaches the age of three. (*Compare* CR 87 to CR 89).

On May 9, 2014, Sandra filed a Motion for New Trial. (CR 104). The trial court signed an order denying the motion for new trial on June 11, 2014. (CR 115).

On June 13, 2014 Sandra perfected this appeal. (CR 124).

### SUMMARY OF THE ARGUMENT

All points raised by Sandra can be overruled under this Court's ruling in *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.) because the judgment appealed from was approved by Sandra as to both form and substance. (CR 82, 101, 102).

The trial court did not err by granting partial summary judgment that no marriage existed between the parties. Sandra did not timely respond to Brian's

motion for summary judgment and there is no evidence that she was granted leave to file her late response.

The trial court did not err by denying Sandra's mid-trial motion to substitute counsel. There was no notice given of the motion, and Sandra's counsel had already joined her legal team as co-counsel and was permitted to participate throughout the second day of trial except that he was not permitted to re-examine witnesses that her other attorney had already questioned. This was not an abuse of discretion and did not serve to deprive Sandra of her right to counsel of her choice.

The trial court did not err by refusing to admit certified copies of documents from other proceedings. Even if the documents were erroneously excluded, any such error is harmless and does not amount to reversible error because Sandra testified as to her knowledge of those proceedings and questioned Brian about them as well.

The trial court did not err by not awarding a Range Rover to Sandra. There were no pleadings on file that would permit an award of the Range Rover to her. The trial court had already granted a partial summary judgment that there was no marriage between the parties. The evidence at trial was clear that the title to the Range Rover was in Brian's name alone.

The trial court did not err by refusing to admit photographs that had been properly requested by Brian in discovery but were not produced by Sandra. Even if

it was error to exclude this evidence, the evidence was not harmful and does not amount to reversible error.

The trial court did not err by sustaining an objection to the question asked of Brian, whether he had ever seen a psychologist. Even if it was error to sustain this objection such error was not harmful and does not amount to reversible error.

The trial court did not err by naming the parties joint managing conservators and giving Brian the exclusive right to designate the primary residence of the child. A trial court has broad discretion to determine matters of conservatorship. There is a rebuttable presumption that naming the parties joint managing conservators is in a child's best interest. The trial court also did not err by giving Sandra a modified standard possession order that transitioned to a standard possession order when the child reached the age of three. The standard possession order is only presumed to be in the best interest of a child over the age of three.

ARGUMENT AND AUTHORITIES

## I.  Standard of Review Applicable to All Issues

The trial court's judgment in this case is reviewed under an abuse of discretion standard. *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). The judgment of a trial court will be reversed only if it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A court abuses its discretion when it acts

8

without reference to guiding rules or principles. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## II. All issues are waived – the judgment appealed from was agreed as to by Sandra as to both form and substance

This Court can dispense will all issues presented in this appeal by following its prior opinion in *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.), which held that when a party enters into an agreed judgment, he waives the right to complain about the trial court's rulings. "It is well-settled that a judgment entered on the agreement of the parties cures all non-jurisdictional defects." *Id.* at 777 (internal citations omitted). A party who asks the trial court to accept a settlement agreement and to enter judgment accordingly may not later attack that judgment. *Id.*

In *Mailhot*, a husband and wife reached an agreement during trial and asked the trial court to render judgment on the terms of their settlement. The husband then appealed, challenging three evidentiary rulings made by the trial court prior to judgment. *Id.* at 777. This Court ruled that the husband had waived his right to complain about the judgment he had asked the trial court to enter.

This case is on point with *Mailhot*, and this Court can overrule all of Sandra's complaints by following *Mailhot*. This case proceeded through trial to judgment, but ultimately, the parties agreed to compromise the terms of the final

9

order. For example, although the rendition that Appellant included in her Appendix states that Sandra is to pay child support according to the guidelines for a parent earning minimum wage, it is clear from the final judgment that the parties agreed that Sandra would pay a lower amount at least for the next several years. (*Compare* Appellant's Brief Appendix to CR 94). Sandra cannot now complain about the trial court's procedural and evidentiary rulings after she asked the trial court to grant her judgment on the terms of the final order.

## III.    Issue 1 – The trial court did not err by granting partial summary judgment that no informal marriage existed between the parties.

In her first issue, Sandra contends that the trial court abused its discretion when it granted partial summary judgment to Brian on the issue of the existence of a common law marriage. *See* Appellant's Brief at 9-12. Brian filed his motion for traditional and no evidence summary judgment as to (1) the paternity of the child and (2) the existence of common law marriage. (CR 8).

The day before the hearing on the motion for summary judgment, Sandra filed an untimely response to the motion for summary judgment. (CR 26). To file a late response to a motion for summary judgment, the nonmovant must obtain leave of court. Tex. R. Civ. P. 166a(c). To be entitled to leave of court to file a late response to a motion for summary judgment, a nonmovant must show good cause and no undue prejudice. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005). If

the record does not contain some indication that a trial court granted a nonmovant leave to file a late response to a motion for summary judgment, the nonmovant waives any issues raised in the late response. *INA v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

Sandra alleged in her Counterpetition that "the parties were married on or about June 2010." (CR 60). It was therefore an impossibility for the parties to be married at that time because, as Appellant acknowledges, she was married to another man until November 3, 2010. Tex. Fam. Code. § 2.401(a)(2). Section 2.401(d) states in relevant part: "A person may not be a party to an informal marriage … if the person is presently married to a person who is not the other party to the informal marriage …". There can be no informal marriage when one party is already married to someone else. *Ballesteros v. Jones*, 985 S.W.2d 485, 490 (Tex. App.—San Antonio 1999, pet. denied); *Howard v. Howard*, 459 S.W.2d 901, 904 (Tex. App.—Houston [1st Dist.] 1970, no writ).

Sandra did not amend her pleadings to allege that the parties were married as of the date that she was divorced. Rather, she claims in her brief that she should have been permitted to put on evidence that they were married after November 3, 2010. A trial court must render judgment on the pleadings on file at the time of the hearing. Tex. R. Civ. P. 166a(c). Because the summary judgment evidence conclusively established that the parties could not be married on the date Sandra

11

alleged, the trial court did not err by granting partial summary judgment on that issue.

## IV. Issue 2 – The trial court did not err by denying Sandra's mid-trial motion to substitute where there was no notice of the motion.

In her second issue Sandra alleges that the trial court erred by denying her mid-trial motion to substitute counsel. *See* Appellant's Brief at 12-14.

The decision to grant or deny a motion to substitute counsel is within the sound discretion of the trial court. *Cotrone v. Bryan Prod. Credit Ass'n*, 502 S.W.2d 954, 956 (Tex. Civ. App.—Waco 1973, writ ref'd n.r.e.). The trial court's ruling will not be disturbed absent a clear abuse of discretion. *Id.* Appellant has not demonstrated that the trial court's ruling was without reference to guiding rules or principles. An attorney cannot withdraw from a case without satisfying the requirements of Tex. R. Civ. P. 10.

In *Keller Industries, Inc. v. Blanten*, 804 S.W.2d 182 (Tex. App.—Houston [14th Dist.] 1991), the issue was whether two nonresident attorneys could appear pro hac vice. This case is not applicable to this case. Here, although the lawyer filed a notice of appearance, there was no notice whatsoever that he would be substituting. A party must give specific and unambiguous notice when an attorney withdraws or is substituted. *Palkovic v. Cox*, 792 S.W.2d 743, 745 (Tex. App.—Houston [14th Dist.] 1990, writ denied). In this case, there was no indication that Sandra was firing Lipkin. Rather, she wished to add Alterbern as co-counsel. The

12

notion that Lipkin would be substituted in the middle of questioning a witness was a complete surprise. Nevertheless, the trial court allowed Alternbern to re-call Petitioner at their demand over objection by counsel for Respondent.

*Vossdale Townhouse Association, Inc.*, 302 S.W.3d 890 (Tex. App.—Houston [14th Dist.] 2009) is not applicable to this case. In *Vossdale*, the lawyers in question were excluded as a sanction by the Court. There was no such sanction in this case.

There is no dispute that the attorney who sought to be substituted is qualified. The cases cited by Appellant that address an attorney's qualifications are inapposite. The trial court here did not deny counsel's appearance. Rather, it denied the substitution mid-trial, where there was no notice of the motion to substitute and a witness was currently on the stand under examination. The trial court's denial of this motion to substitute was not reversible error.

## V.   Issue 3 – The trial court did not err by refusing to take judicial notice of uncertified pleadings from another case.

In her third issue, Appellant complains that the trial court erred by refusing to admit records related to another lawsuit related to Petitioner. *See* Appellant's Brief at 14-16.

A court's decision to take judicial notice will be refused under an abuse of discretion standard. *In re A.R.*, 236 S.W.3d 460, 477 (Tex. App.—Dallas 2007, no pet.). When a court erroneously refuses to take judicial notice of a matter, the error

13

is only reversible if it probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). Here, the trial court was presented with some evidence that there was another proceeding underway and that Sandra's violence towards Brian was an issue in that litigation. There was also evidence that Brian's ex wife had offered to bribe Sandra to prolong her lawsuit to gain an advantage in her own lawsuit. Brian's court-ordered possession of his children from his former marriage was addressed by questioning of both Brian and Sandra.

When Sandra moved for judicial notice, he did not have the records with him but said they were "on the way". (3RR 47). Moreover, Sandra argues that the trial court should have taken judicial notice of the contents of the documents. A court cannot take judicial notice of the truth of the factual statements and allegations in the pleadings in a court's file. Rather, a trial court can take judicial notice of an order or judgment. Finally, there was no bill of proof offered of the documents Sandra sought to introduce. Absent an offer of proof, there is no error.

Even if it was error to refuse to take judicial notice of documents from another proceeding, any error was harmless because the evidence would have been cumulative of the testimony already heard at trial. Brian testified to certain issues related to that trial, including the fact that Sandra's violence towards Brian and his other children was the subject of other litigation between Brian and his ex wife. (3RR 60).

14

**VI.** **Issue 4 – The trial court did not err by refusing to award Sandra a Range Rover.**

Appellant complains in her fourth issue that the trial court erred by not "awarding a Range Rover motor vehicle to Appellant as a gift." *See* Appellant's Brief at 16. At the time of trial, Appellant had no pleadings that would permit the award of a Range Rover to her. The trial court had already ruled in its December 13, 2013 partial summary judgment that there was no marriage between the parties. The evidence was clear at trial that the car was titled to Brian. Furthermore the evidence at trial did not support a claim that there was donative intent or any other element of a gift. Sandra cites no authority for her position. Moreover, the Agreed Order, signed and approved by Sandra as to both form and substance, finds that there was no marriage between the parties.

**VII.** **Issue 5 – The trial court did not err by excluding exhibits that were properly requested but not provided in discovery.**

In her fifth issue, Sandra claims that the trial court erred by excluding photographs that allegedly depicted bruises sustained in instances of domestic violence. *See* Appellant's Brief at 16-17. The admission or exclusion of evidence is left to the discretion of the trial court. *Bay Area Healthcare Grp., Ltd. v. McShane,* 239 S.W.3d 231, 234 (Tex. 2007).

A trial court abuses its discretion in admitting or excluding evidence if it acts without reference to any guiding rules and principles or if the act complained of is

arbitrary and unreasonable. *Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 687 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). To show the trial court abused its discretion, the appellant must demonstrate that: (1) the court erred in not admitting the evidence; (2) the excluded evidence was controlling on a material issue dispositive of the case and was not cumulative; and (3) the error probably caused rendition of an improper judgment in the case. *See Tex. Dep't of Transp. v. Able,* 35 S.W.3d 608, 617 (Tex. 2000); *Sharma v. Vinmar Int'l, Ltd.,* 231 S.W.3d 405, 422 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see* Tex. R. App. P. 44.1(a). If there is a legitimate basis for the trial court's evidentiary ruling, the appellate court must uphold the ruling. *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998).

Appellant claims that the trial court erred by excluding photos of alleged bruising. The trial court in fact properly excluded the evidence because the photos were properly requested in discovery and not produced. The Texas Rules of Civil Procedure are clear that the sanction for failure to provide items in discovery despite proper request is exclusion of the evidence. Tex. R. Civ. P. 193.6. Even if the items were improperly excluded, any such error was harmless because it did not probably cause the rendition of an improper judgment. Sandra testified as to

16

her allegations of abuse and the trial court was the sole judge of the credibility of the witnesses.

**VIII.**  **Issue 6 – The trial court did not err by sustaining an objection to the question "Have you seen a psychologist?"**

In her sixth issue, Sandra claims that the trial court erred by sustaining an objection to the question "Have you seen a psychologist?" (*See* Appellant's Brief at 17; 3RR 56). Appellant cannot complain about this on appeal, however, because no offer of proof was made. *See* Tex. R. Evid. 103(a).

Under Texas Rule of Evidence 103(a):

> A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
>
> …
>
> (2) if the ruling excludes evidence, the party informs the court of its substance by an offer of proof, unless the substance was apparent from the context."

Tex. R. Evid. 103(a). To show an abuse of discretion in excluding evidence, the complaining party must demonstrate that: (1) the court erred in not admitting the evidence; (2) the excluded evidence was controlling on a material issue dispositive of the case and was not cumulative; and (3) the error probably caused the rendition of an improper judgment. *Watts v. Oliver*, 396 S.W.3d 124, 129 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Van Heerden v. Van Heerden*, 321 S.W.3d 869, 875 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). Sandra has not

17

demonstrated that the excluded evidence was controlling any material issue or that the evidence was not cumulative. Sandra also has not shown that the error probably caused the rendition of an improper judgment. As counsel pointed out at trial, there were no pleadings that alleged psychological issues or sought psychological evaluations or custody determinations. The trial court properly excluded the evidence as irrelevant.

Moreover, the answer to the question is likely cumulative. Later in the examination, Appellee testifies to an agreement in a separate proceeding where he agreed to family counseling as a result of Sandra's violent behavior towards Appellee and his children from a prior marriage. (3RR 60).

## IX. Issue 7 – The trial court did not err by naming Brian the joint managing conservator with the exclusive right to designate the child's primary residence and by granting a non-standard possession order for a child under the age of three.

In her seventh issue, Sandra claims that the trial court erred by (1) naming Brian the conservator the joint managing conservator with the exclusive right to designate the primary residence of the child and (2) awarding Sandra a non-standard possession order that transitioned to a standard possession order by the time the child reached the age of three. *See* Appellant's Brief at 17-18.

The trial court's primary concern in determining issues of conservatorship, and possession of and access to a child is the best interest of the child. Tex. Fam.

18

Code § 153.002. A trial court is given wide latitude in determining the best interest of the child, and his decision will be reversed only for abuse of that discretion. *Gillespie v. Gillespie*, 664 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner or when it acts without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *In re A.D.H.*, 979 S.W.2d 445, 446-47 (Tex. App.—Beaumont 1998, no writ). Moreover, an abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the decision of the trial court. *Id.* "[T]he trial court is in the best position to observe the demeanor and personalities of the witnesses and can 'feel' the forces, powers, and influences that cannot be discerned by merely reading the record." *A.D.H*, 979 S.W.2d at 447. (quoting *Warchol v. Warchol*, 853 S.W.2d 165, 168 (Tex. App.—Beaumont 1993, no writ)).

Appellant complains generally that the trial court erred by granting primary conservatorship to Brian instead of to Sandra. She cites no cases and does not provide citations to the record. If an appellant does not properly support an issue raised in the brief, the issue is waived. *Republic Underwriters Ins. v. Mex.-Tex., Inc.*, 150 S.W.3d 423, 427 (Tex. 2004).

There was sufficient evidence to support naming Brian the joint managing conservator with the exclusive right to designate the primary residence of the child. There was evidence that Brian was the primary caregiver of the child and had been for most of her life. It was undisputed that Sandra had not seen the child for months prior to trial. The trial court had sufficient evidence to determine that it would not be in the child's best interest to be immediately separated from her father and given to her mother. Brian had been the only parent to take the child to the doctor.

The final order provides a stair-step possession schedule to Sandra until April 2015 (when the child reached age 3). A possession order can deviate from a standard possession order because of a child's age. Tex. Fam. Code § 153.256(1). The statutory standard possession order does not apply to a child under the age of three. Tex. Fam. Code § 153.256(1). Therefore, a court should render an appropriate order for a child under the age of three and a prospective order (presumably a standard possession order) to take effect when the child reaches the age of three. Tex. Fam. Code § 153.254(a), (d); *see e.g.*, *In re D.A.*, 307 S.W.3d 556, 562 (Tex. App.—Dallas 2010, no pet.). When determining the appropriate possession schedule for a child under the age of three, a trial court can consider the factors contained in Tex. Fam. Code § 153.254(a). For example, the trial court can consider the caregiving provided to the child before and during the pending suit,

the effect on the child that may result from separation from either party, the availability of caregivers and willingness to personally care for the child, the child's need for continuity of routine, the need for a temporary possession schedule that incrementally shifts to the schedule provided in the prospective order based on the child's age or a party's minimal contact with the child. Tex. Fam. Code § 153.254(a).

In this case, the evidence at trial supported the kind of stair-step possession schedule that was contained in the Agreed Order. The trial court was within its discretion to conclude that it was in the child's best interest to gradually be reintroduced to her mother so that the standard possession order at age three would not cause a disturbance in the child's life. A possession order can deviate from a standard possession order because of any relevant factor. Tex. Fam. Code § 153.256(3).

Upon timely request, a trial court's order must state specific reasons for varying from a standard possession order. Tex. Fam. Code § 153.258. When a party does not request such findings, the reviewing court infers that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). The record is then reviewed to determine whether some evidence supports the judgment. The reviewing court considers only the

evidence most favorable to the trial court's judgment and upholds the judgment on any legal theory that finds support in the evidence. *In re T.J.S.*, 71 S.W.3d 452, 459 (Tex. App.—Waco 2002, pet. denied).

The trial court was well within its discretion to name the parties joint managing conservators. No abuse of discretion has been shown. Moreover, no request for findings of fact or conclusions of law was made. This court may conclude that the trial court made all findings necessary to support its judgment. Finally, Sandra has waived the right to complain about the judgment because she approved it as to both form and substance.

## PRAYER

Brian Williams, Appellee, respectfully prays that the Court will overrule all issues raised by Appellant and affirm the trial court's judgment.

Respectfully submitted,

LAW OFFICE OF JANICE L. BERG

*/s/ Janice L. Berg*
**Janice L. Berg**
State Bar No. 24064888
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100 | Fax: (713) 225-0099
Service email: service@janiceberglaw.com
Non-service email: janice@janiceberglaw.com

LAW OFFICE OF DANIEL J. LEMKUIL
**Daniel J. Lemkuil**
State Bar No. 00789448
1314 Texas Avenue, Suite 1515
Houston, Texas 77002
Tel: (713) 993-9100 | Fax: (713) 225-0099
daniel_lemkuil@flash.net

**ATTORNEYS FOR APPELLEE**

**CERTIFICATE OF WORD COUNT COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word 2011 and contains 5,278 words as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1)**.**

*/s/ Janice L. Berg*
Janice L. Berg

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2015, I served a copy of this Appellee's Brief on all parties or attorneys of record by electronic service. My email address for service of process is service@janiceberglaw.com.

*/s/ Janice L. Berg*
Janice L. Berg

NO. 01-14-00504-CV

IN THE COURT OF APPEALS FOR THE
FIRST JUDICIAL DISTRICT OF TEXAS AT HOUSTON

SANDRA PEREZ,
APPELLANT

v.

BRIAN WILLIAMS,
APPELLEE

On appeal from the 257th Judicial District Court
Harris County, Texas | Cause No. 2013-05419

APPENDIX

| Tab No. | Title |
| --- | --- |
| 1 | Tex. Fam. Code § 2.401 |
| 2 | Tex. Fam. Code § 153.254 |
| 3 | Tex. Fam. Code § 153.256 |
| 4 | Tex. Fam. Code § 153.258 |

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 1. The Marriage Relationship (Refs & Annos)
      Subtitle A. Marriage
        Chapter 2. The Marriage Relationship (Refs & Annos)
          Subchapter E. Marriage Without Formalities

V.T.C.A., Family Code § 2.401

§ 2.401. Proof of Informal Marriage

Effective: September 1, 2005
Currentness

(a) In a judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:

  (1) a declaration of their marriage has been signed as provided by this subchapter; or

  (2) the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

(b) If a proceeding in which a marriage is to be proved as provided by Subsection (a)(2) is not commenced before the second anniversary of the date on which the parties separated and ceased living together, it is rebuttably presumed that the parties did not enter into an agreement to be married.

(c) A person under 18 years of age may not:

  (1) be a party to an informal marriage; or

  (2) execute a declaration of informal marriage under Section 2.402.

(d) A person may not be a party to an informal marriage or execute a declaration of an informal marriage if the person is presently married to a person who is not the other party to the informal marriage or declaration of an informal marriage, as applicable.

**Credits**
Added by Acts 1997, 75th Leg., ch. 7, § 1, eff. April 17, 1997. Amended by Acts 1997, 75th Leg., ch. 1362, § 1, eff. Sept. 1, 1997; Acts 2005, 79th Leg., ch. 268, § 4.12, eff. Sept. 1, 2005.

Notes of Decisions (333)

V. T. C. A., Family Code § 2.401, TX FAMILY § 2.401

Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 153. Conservatorship, Possession, and Access (Refs & Annos)
          Subchapter E. Guidelines for the Possession of a Child by a Parent Named as Possessory Conservator

V.T.C.A., Family Code § 153.258

§ 153.258. Request for Findings When Order Varies From Standard Order

Currentness

Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in all cases in which possession of a child by a parent is contested and the possession of the child varies from the standard possession order, on written request made or filed with the court not later than 10 days after the date of the hearing or on oral request made in open court during the hearing, the court shall state in the order the specific reasons for the variance from the standard order.

**Credits**
Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995.

Notes of Decisions (8)

V. T. C. A., Family Code § 153.258, TX FAMILY § 153.258
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

> Vernon's Texas Statutes and Codes Annotated
>   Family Code (Refs & Annos)
>     Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
>       Subtitle B. Suits Affecting the Parent-Child Relationship
>         Chapter 153. Conservatorship, Possession, and Access (Refs & Annos)
>           Subchapter E. Guidelines for the Possession of a Child by a Parent Named as Possessory Conservator

V.T.C.A., Family Code § 153.256

§ 153.256. Factors for Court to Consider

Currentness

In ordering the terms of possession of a child under an order other than a standard possession order, the court shall be guided by the guidelines established by the standard possession order and may consider:

(1) the age, developmental status, circumstances, needs, and best interest of the child;

(2) the circumstances of the managing conservator and of the parent named as a possessory conservator; and

(3) any other relevant factor.

**Credits**

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1995, 74th Leg., ch. 751, § 35, eff. Sept. 1, 1995.

Notes of Decisions (14)

V. T. C. A., Family Code § 153.256, TX FAMILY § 153.256
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
   Family Code (Refs & Annos)
      Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
         Subtitle B. Suits Affecting the Parent-Child Relationship
            Chapter 153. Conservatorship, Possession, and Access (Refs & Annos)
               Subchapter E. Guidelines for the Possession of a Child by a Parent Named as Possessory Conservator

V.T.C.A., Family Code § 153.254

§ 153.254. Child Less Than Three Years of Age

Effective: September 1, 2011
Currentness

(a) The court shall render an order appropriate under the circumstances for possession of a child less than three years of age. In rendering the order, the court shall consider evidence of all relevant factors, including:

(1) the caregiving provided to the child before and during the current suit;

(2) the effect on the child that may result from separation from either party;

(3) the availability of the parties as caregivers and the willingness of the parties to personally care for the child;

(4) the physical, medical, behavioral, and developmental needs of the child;

(5) the physical, medical, emotional, economic, and social conditions of the parties;

(6) the impact and influence of individuals, other than the parties, who will be present during periods of possession;

(7) the presence of siblings during periods of possession;

(8) the child's need to develop healthy attachments to both parents;

(9) the child's need for continuity of routine;

(10) the location and proximity of the residences of the parties;

(11) the need for a temporary possession schedule that incrementally shifts to the schedule provided in the prospective order under Subsection (d) based on:

    (A) the age of the child; or

    (B) minimal or inconsistent contact with the child by a party;

(12) the ability of the parties to share in the responsibilities, rights, and duties of parenting; and

(13) any other evidence of the best interest of the child.

(b) Notwithstanding the Texas Rules of Civil Procedure, in rendering an order under Subsection (a), the court shall make findings in support of the order if:

    (1) a party files a written request with the court not later than the 10th day after the date of the hearing; or

    (2) a party makes an oral request in court during the hearing on the order.

(c) The court shall make and enter the findings required by Subsection (b) not later than the 15th day after the date the party makes the request.

(d) The court shall render a prospective order to take effect on the child's third birthday, which presumptively will be the standard possession order.

**Credits**

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 2011, 82nd Leg., ch. 86 (S.B. 820), § 1, eff. Sept. 1, 2011.

V. T. C. A., Family Code § 153.254, TX FAMILY § 153.254
Current through the end of the 2013 Third Called Session of the 83rd Legislature

---

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.